## Harvey Appeal.

Argued November 15, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Harvey A. Miller*, with him *Dale T. Lias* and *Miller & Miller*, for petitioner, appellant.

*George F. Taylor*, with him *G. M. Fehr* and *Alter, Wright & Barron*, for successor-trustee, under Rule No. 46.

OPINION BY RHODES, P. J., January 17, 1952:

This is a proceeding under the Act of May 28, 1907, P. L. 292, as amended, 50 PS §941 et seq.,[1] relative to the guardianship of the estate of Maud A. Palmer, a weak-minded person. Florence J. Harvey, niece of the ward and a next of kin residing in Pittsburgh, has appealed from an order of the court below entered on April 6, 1951, which revoked the appointment of the Mellon National Bank and Trust Company as guardian of the estate of Maud A. Palmer and directed it to file

---

[1] Repealed by the Act of June 28, 1951, No. 158, effective January 1, 1952.

within thirty days its account as temporary guardian and bailiff. The appointment of the Mellon National Bank and Trust Company as guardian had been made by order of October 27, 1950, as modified and limited by subsequent orders of the court. By the order of April 6, 1951, the court appointed the Commonwealth Trust Company of Pittsburgh as successor permanent guardian of the estate of the said Maud A. Palmer. Appellant on this appeal asks that the Mellon National Bank and Trust Company be reinstated as guardian.

Appellant's appeal from the order of the court below was taken to this Court on April 27, 1951. See section 8 of the Act of May 28, 1907, P. L. 292, as amended, 50 PS §964. Subsequently, on August 9, 1951, before the argument of the appeal, the ward died. No one has appeared as appellee in this appeal. The Commonwealth Trust Company of Pittsburgh, however, filed a brief under Rule 46 of this Court, and was permitted to participate in the oral argument in support of the action of the court below.

No extended recital of the facts or of the proceedings in the court below is necessary. Maud A. Palmer was so mentally defective as to require the appointment of a guardian for the protection of her estate. But appellant complains that it was an abuse of discretion for the court below to revoke, allegedly without cause, the appointment of the Mellon National Bank and Trust Company as guardian made by the order of October 27, 1950, as modified and limited by subsequent orders of the court, and to appoint the Commonwealth Trust Company of Pittsburgh successor permanent guardian. While the selection or removal of a guardian of the estate of a weak-minded person may be reviewable for abuse of discretion (*Voshake's Estate*, 125 Pa. Superior Ct. 98, 189 A. 753; *Arthur's Case*, 136 Pa. Superior Ct. 261, 7 A. 2d 55), that issue is not before us, as it has been rendered moot by the death of the

ward (*Dean's Appeal*, 90 Pa. 106, 110). In *Gerlach's Estate*, 127 Pa. Superior Ct. 293, 300, 301, 193 A. 467, 470, we said: "A feeble-minded or weak-minded person is the ward of the court appointing the guardian, and the guardian is simply its bailiff or agent in protecting him and his estate. . . . The functions and powers of a guardian or committee cease with the life of the incompetent; there remain only the duty and liability to account." See, also, *Graham's Estate*, 147 Pa. Superior Ct. 57, 23 A. 2d 235, 346 Pa. 479, 31 A. 2d 125; *Frew's Estate*, 340 Pa. 89, 91, 16 A. 2d 26. On May 4, 1951, Mellon National Bank and Trust Company complied with the order of the court of April 6, 1951, by filing its first and final account as temporary guardian and bailiff.

In so far as it appears from the record in this appeal, there is nothing for decision before us.

Appeal is dismissed.