Sigel Appeal.

Argued January 14, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and ARNOLD, JJ.

*T. Henry Walnut,* for appellant.

*C. Brewster Rhoads,* with him *Robert L. Trescher, Montgomery, McCracken, Walker & Rhoads* and *Philip H. Schmehl,* for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, February 13, 1953:

On March 2, 1950, a petition was filed under the Act of May 28, 1907, P. L. 292, to have Emma Burk Sigel adjudged unable to take care of her property and in consequence thereof liable to dissipate or lose the same and to become the victim of designing persons. On March 22, 1950, the court granted this petition and appointed the Real Estate Trust Company of Philadelphia guardian of Mrs. Sigel's estate.

On April 10, 1952, the guardian filed its first account together with a petition for a decree of confirmation and the awarding to the guardian, for further administration, of the balance shown thereby less the allowances requested. Exceptions were filed to the account, signed by Mrs. Sigel and her attorney, T. Henry Walnut, Esq. The guardian filed a motion to strike these exceptions, and on May 28, 1952 this motion was granted and a decree entered by Hon. JOSEPH L. KUN confirming the account and authorizing payment of the allowances set forth in the petition for confirmation, but no hearing was had and no testimony taken. Mr. Walnut, as attorney for Mrs. Sigel, filed exceptions to this action of the court which came before the court en banc on the argument list and were dismissed on June 20, 1952. The present appeal followed on September 19, 1952.

The guardian moved to quash the appeal on the ground that the incompetent had no standing to file exceptions to the account and her counsel had no greater right than she had. In its brief it adds the additional reason that the order of the court granting its motion to strike the exceptions to the account was final and

definitive and the appeal was not filed within three months thereafter.

Considering first the objection made to the timeliness of the appeal, the authorities are clear to the effect that, while there are many things in connection with the administration of justice that an individual judge may do and perform, there are others where a majority of the court (if the court consist of more than one judge) is required for final action, and this is especially true where a power is conferred upon the court by statute: *Carter's Estate,* 254 Pa. 518, 527, 99 A. 58, 61, 62; *Carney v. Penn Oil Co.,* 289 Pa. 588, 591, 137 A. 799, 800; *Sterrett v. MacLean,* 293 Pa. 557, 564, 565, 143 A. 189, 191.

Here the incompetent and her attorney having filed exceptions to the account, the auditing judge's action thereon was, in our opinion, properly reviewable by the court en banc; indeed the court en banc, without objection on the part of anyone, did hear argument on those exceptions. We conclude therefore that the present appeal, having been filed within three months of the court en banc's final decree on June 20, 1952, was taken within sufficient time.

The Act of June 28, 1951, P. L. 612, art. VI, §603, provides that "The guardian shall give written notice of the filing of his account and of its call for audit or confirmation to the former ward if he has been declared competent, and otherwise to his succeeding guardian or personal representative, and to such other persons as the court by general rule or special order shall direct."* This would seem to imply that as long as the incompetent remains mentally defective he or she has no

---

* Rule 951(a) of the Courts of Common Pleas of Philadelphia County provides that notice of the filing of accounts of guardians and other fiduciaries shall be served upon all parties interested, as therein provided.

right even to receive notice of the filing of the account, much less to file exceptions thereto, and, this being so, an attorney for such incompetent would have no greater standing for such purpose. However, since an incompetent might not be restored to mental health for many years, possibly even until death, it might be wholly impossible at such a delayed period for any other person interested in the estate to obtain the information necessary for a successful challenge of the correctness of an account filed by the guardian. Thus, in the present case, if there be any merit in the incompetent's contention that some 36 items of valuable jewelry, handbags and furs, are not accounted for in the guardian's account, it is presumably only the incompetent herself who could furnish testimony in regard to that claim, nor does her adjudged incompetence disqualify her from testifying in such a proceeding.

The exceptions filed to the account, in addition to the one covering the matter thus mentioned, challenged expenses and fees claimed by psychiatrists and attorneys for services rendered in connection with habeas corpus proceedings that Mrs. Sigel had instituted in order to obtain her release from her commitment to a hospital for mental and nervous diseases. She objected also to the disposal made by the guardian of certain household furnishings belonging to her. It is true that a feeble-minded or weak-minded person is the ward of the court itself, and the guardian is simply the bailiff or agent of the court in protecting the ward and his estate (*Gerlach's Estate,* 127 Pa. Superior Ct. 293, 300, 193 A. 467, 470; *Harvey Appeal,* 170 Pa. Superior Ct. 289, 292, 85 A. 2d 669, 670). But how could the court have known whether or not there was any merit in these several claims of the incompetent unless a hearing was had and testimony taken, and how could such claims be effectively presented to the court at such a hearing

except by someone legally authorized to do so on the incompetent's behalf?

In a case where, as here, claims are brought to the attention of the court the merit of which cannot be determined from the face of the account itself but require factual investigation, the court should appoint for the incompetent a guardian ad litem, who would thereby acquire legal standing and authority to present testimony and to represent the interests of the incompetent at a hearing conducted by the court on the petition for confirmation of the account.

The motion to quash the appeal is overruled. The order and decree of May 28, 1952 and the dismissal of the exceptions thereto on June 20, 1952, are reversed, and the record is remanded to the court below with direction to proceed as herein indicated.