## Sigel Appeal.

Argued April 27, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*T. Henry Walnut,* for appellant.

*Robert L. Trescher,* with him *C. Brewster Rhoads,* for appellee, were not heard.

OPINION PER CURIAM, May 23, 1955:

The chronology of the proceedings in this matter is as follows:

On March 2, 1950, a petition was presented to Court of Common Pleas No. 1 of Philadelphia County praying that Emma Burk Sigel be adjudged unable to take care of her property and that a guardian be appointed of her estate. A hearing was had before HON. JOSEPH L. KUN, and, on March 22, 1950, a decree was entered granting the prayer of the petition and appointing Real Estate Trust Company of Philadelphia as guardian. On October 27, 1950, Mrs. Sigel petitioned the court for a further hearing and for the discharge of the guardian; a rule to show cause was granted but was discharged on November 20, 1950. She thereupon

appealed to the Superior Court which, on July 19, 1951 (169 Pa. Superior Ct. 425, 82 A. 2d 309), affirmed the order of the court below discharging the rule. The Superior Court held that the original decree of March 22, 1950, was final, not having been appealed within the permissible statutory time, and therefore the only question before the court on the second hearing was whether there had been such a change in her mental condition as to warrant discharging the guardian; the court reviewed the testimony and concluded that it overwhelmingly indicated Mrs. Sigel's need for a guardian to protect her interests and that the court had properly refused to lift the guardianship. A petition to the Supreme Court for the allowance of an appeal from the decision of the Superior Court was denied (169 Pa. Superior Ct. xxvi). On March 12, 1953, Mrs. Sigel obtained by petition in the court below a rule to show cause why the decree of March 22, 1950, should not be stricken from the record, or opened, as having been entered without authority of law in that, it was argued, under the Act of May 28, 1907, P. L. 292, as amended,[1] the power to appoint a guardian in such cases vested the power in the court as a whole and not in a single judge thereof. Argument having been had before the court en banc, an order was entered on October 8, 1954, discharging the rule. From that order the present appeal has been taken.

As the court below properly pointed out, a petition may be filed at any time to have the guardianship terminated on a showing that the incompetent had sufficiently recovered her mental powers to be able to direct her own affairs and no longer be in danger of becoming the victim of designing persons. But that

---

[1] The Act of 1907 was repealed, except as to one section, by the Incompetents' Estates Act of 1951, P. L. 612, Section 801.

was not the nature of the proceeding or the relief requested in the proceeding which is the subject of the present appeal. What appellant there sought was a revocation of the court's decree of March 22, 1950, adjudging appellant unable to take care of her property and appointing a guardian of her estate, which decree, unappealed from was properly held by the Superior Court to have become final, and which is now, therefore, res judicata.

Appellant relies for its contention that a single judge of the court has no power to conduct a hearing for the appointment of a guardian on the case of *Carter's Estate,* 254 Pa. 518, 527, 99 A. 58, 61, 62, a case which, however, was explained and modified as to the generality of its expressions in *Commonwealth v. Shawell,* 325 Pa. 497, 503, 504, 191 A. 17, 20, and ever since the enactment of the Act of 1907 the uniform practice has been for a single judge to conduct hearings in cases presented under that statute. But the question is, at best, largely academic, since undoubtedly a person aggrieved by any order made by the hearing judge may file exceptions thereto and have the matter passed upon by the court en banc;[2] this would certainly meet all the requirements of the Act: *Wood Appeal,* 167 Pa. Superior Ct. 92, 94, 74 A. 2d 538, 539. Where, however, as here, the party aggrieved filed no exceptions to the order of the hearing judge and sought no review by the court en banc, it is clear that there would not exist any just cause for complaint that the entire court had not acted. It should also be obvious that the decision of the Superior Court holding the unappealed-from decree of March 22, 1950, to be final necessarily involved a determination that the

---

[2] This was the practice followed in *Sigel Appeal,* 372 Pa. 527, 94 A. 2d 761, in the case of the adjudication of the guardian's account.

decree had been entered by competent judicial authority, and it therefore bars the present attempt to have that decree declared a nullity.

Order affirmed at the cost of appellant's estate.

