## Elliott Estate.

Argued March 27, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Christ C. Walthour,* with him *James A. Danahey, William T. Dom,* and *Kunkle & Trescher,* for appellant.

*James Gregg,* with him *Thomas L. Wentling, Edward T. Kelley* and *Portser, Gregg & Nichols,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, April 22, 1957:

This is an appeal by a cotrustee under an inter vivos trust from a decree of the Court of Common Pleas of Westmoreland County refusing to vacate a previous order of that court finding the settlor of the trust unable to take care of his property and appointing a guardian of his estate.

On April 1, 1950 William E. Elliott created an inter vivos trust under the terms of which he was the sole beneficiary and the Colonial Trust Company (now, by merger, the Fidelity Trust Company) and George F. Elliott were trustees. On September 19, 1950, George F. Elliott, a brother of William E. Elliott, presented a petition to the Court of Common Pleas of Westmoreland County to have William E. Elliott adjudged weakminded and to have a guardian appointed for his estate. After a hearing, the Court, on September 30, 1950, adjudged William E. Elliott unable to take care of his property and appointed the First National Bank of Greensburg as guardian of his estate.

On October 1, 1954—over four years subsequent to its appointment as guardian—the First National Bank of Greensburg, as guardian, instituted a proceeding to terminate the inter vivos trust and have the assets thereof turned over to it as guardian. In this proceeding the corporate trustee (appellant) alone, by way of preliminary objections, attacked the order of September 30, 1950 appointing the bank as guardian upon

the ground that the court lacked jurisdiction to make the appointment. In order to secure a preliminary determination of this question the corporate trustee alone filed a petition for a rule to show cause why the order of September 30, 1950 should not be vacated to which petition the guardian made answer. After a hearing, the court below discharged the rule and from that decree this appeal was taken.[1]

Appellant attacked the guardian's appointment upon the ground that the court was without jurisdiction to act because (1) the petition for the appointment of the guardian failed to aver the jurisdictional fact of the alleged incompetent's residence within the county, (2) the inter vivos trust then in existence sufficed to protect the alleged incompetent from any designing persons and (3) since it, as corporate trustee, had the incompetent's property in its possession under the trust there existed no estate in connection with which a guardian could be appointed.

A motion to quash this appeal has been filed averring, inter alia, that the appellant-trustee has no standing to attack the order of appointment of the guardian and no right to prosecute this appeal.

To be entitled to prosecute an appeal, a person must have a present interest in the subject matter and must be aggrieved by the judgment, order or decree entered: 2 Am. Jur. 941, 944, Appeal and Error, §§149, 150, 151, 152; *Pennsylvania Commercial Drivers Conference et al. v. Pennsylvania Milk Control Commission et al.,* 360 Pa. 477, 483, 484, 62 A. 2d 9.

The order which appointed a guardian for the mental incompetent William E. Elliott was made in the

---

[1] The petition and answer were filed to the same number and term as the original petition to secure the appointment of a guardian.

course of proceedings instituted under the Act of 1907.[2]
Under section 1 thereof it is provided that only persons in a named class (parent, brother, sister, husband, wife, child, next-of-kin, creditor) or, in the absence of any such person or persons, "any other person" has the right to petition a court for the appointment of a guardian for an alleged mental defective. It is clear that the appellant could not have presented a petition under this section.

Between the date of the original order of appointment—September 30, 1950—and, the date of the petition to vacate the order—January 12, 1955—the Act of 1907, supra, was repealed by the Incompetents' Estates' Act of 1951.[3] Under section 8 of the Act of 1907, supra, provision is made for an appeal to the Superior Court by "any person aggrieved by the final decree"; the Act of 1951, supra, is silent on the right of appeal and appellate review would be by broad certiorari. Regardless of which statute governs this situation the appellant-trustee must be a person aggrieved by the decree from which it appeals before it can be considered to have a standing to prosecute the appeal.

The late Mr. Justice LINN, speaking for the court in *Musser's Estate*, 341 Pa. 1, 7, 17 A. 2d 411, said: "These cases show that, in the absence of some special trust purpose, neither the trustee's abstract interest in seeing the testator's intent carried out, nor his concrete interest in his fees, can prevent the termination of the trust if all the beneficiaries agree to terminate. To make him an aggrieved party, something else is necessary. The additional element may be the fact that he has been surcharged: cf. Bartol's Estate, 182

---

[2] Act of May 28, 1907, P. L. 292.

[3] Act of June 28, 1951, P. L. 612, 50 PS §1631. The Incompetents' Estates' Act of 1955 is inapplicable to this appeal: Act of February 28, 1956, P. L. 1154, §104, 50 PS §3101.

Pa. 407, 38 A. 527; Wilbur's Estate, 334 Pa. 45, 5 A. 2d 325; Clabby's Estate, 338 Pa. 305, 12 A. 2d 71. He may appeal from a decree construing the relative rights of beneficiaries if some are unascertained or incompetent to act for themselves: cf. Neafie's Estate, 199 Pa. 307, 49 A. 129; In re Stevens, 114 App. Div. 607, 99 N. Y. Supp. 1070 (1906). Where a third party successfully claims against the trust estate, the trustee may, and in some situations must, appeal: Restatement, Trusts (1935), §178, comment a; cf. Kennedy's Estate, 328 Pa. 193, 194 A. 901. In those appeals, made on behalf of the fiduciary or of beneficiaries of the fund, the fiduciary was a party aggrieved, but, in the absence of surcharge or duty to protect some otherwise unrepresented trust interest requiring protection, the right to appeal has been uniformly denied." See also: *Hand's Estate*, 288 Pa. 569, 570, 136 A. 864; *Lochrie's Estate*, 343 Pa. 165, 168, 169, 22 A. 2d 829.

If the order or decree imposes upon the trustee a personal liability such as a surcharge or if the trustee has a duty to protect some otherwise unrepresented trust interest which requires protection then and only then does the trustee have a standing to appeal. The present decree from which the trustee appeals falls in neither category. The appellant-trustee has no standing to prosecute this appeal.[4]

In *Lansdowne Borough Board of Adjustment's Appeal*, 313 Pa. 523, 525, 170 A. 867, 868, we said: " 'A cardinal principle, which applies alike to every person desiring to appeal, whether a party to the record or not, is that he must have a [direct] interest in the subject-matter of the [particular] litigation, otherwise he can have no standing to appeal. And not only must

---

[4] A complete annotation on this subject is to be found in 6 A.L.R. 2d, p. 147.

a party desiring to appeal have a [direct] interest in the particular question litigated, but his interest must be immediate and pecuniary, and not a remote consequence of the judgment. The interest must also be substantial.' "

Parenthetically we note that the order of September 30, 1950 which appointed the guardian was not appealed from and therefore was a final order not subject to attack by the appellant. This court in *Sigel Appeal*, 381 Pa. 603, 605, 606, 114 A. 2d 117, dealing with a very similar factual situation, stated: "As the court below properly pointed out, a petition may be filed at any time to have the guardianship terminated on a showing that the incompetent had sufficiently recovered her mental powers to be able to direct her own affairs and no longer be in danger of becoming the victim of designing persons. But that was not the nature of the proceeding or the relief requested in the proceeding which is the subject of the present appeal. What appellant there sought was a revocation of the court's decree of March 22, 1950, adjudging appellant unable to take care of her property and appointing a guardian of her estate, which decree, unappealed from was properly held by the Superior Court to have become final, and which is now, therefore, res judicata." See also: *Sigel Estate*, 169 Pa. Superior Ct. 425, 426, 82 A. 2d 309.

In view of our conclusion that the appellant is without standing to prosecute this appeal, appellee's motion to quash must be granted. It is, therefore, unnecessary to discuss the other questions raised upon this appeal.

The motion to quash the appeal is granted. Costs are to be paid by the appellant.