572 A.2d 734

**In re TRUST UNDER AGREEMENT of DAVID H. KEISER, DATED DECEMBER 23, 1925 for Benefit of Richard Koller KEISER, David Howard Keiser, Jr., Elizabeth Ritter Keiser, Frederick Keiser, Katherine Keiser, and Margaret Keiser Strunk.**

**Appeal of BANK OF PENNSYLVANIA (Two Cases).**

**In re TRUST UNDER AGREEMENT of DAVID KEISER, DATED FEBRUARY 2, 1931, for Benefit of Richard Koller KEISER, David Howard Keiser, Jr., Elizabeth Ritter Keiser, Frederick Keiser, Katherine Keiser, and Margaret Keiser Strunk.**

Superior Court of Pennsylvania.

Argued Jan. 25, 1990.

Filed March 27, 1990.

Charles K. Serine, Reading, for appellant.

Barry W. Sawtelle, Reading, for Marcia Dufner, participating party.

Before CIRILLO, President Judge, and WIEAND and BROSKY, JJ.

CIRILLO, President Judge:

Bank of Pennsylvania ("Trustee") appeals from an order entered on May 30, 1989 in the Berks County Court of Common Pleas, Orphans' Court Division, denying its petition to open the adjudication. We affirm.

The Trustee was appointed pursuant to two trust instruments created by David H. Keiser in 1925 and 1931. The two trusts were established for the benefit of his five children, with the ultimate beneficiaries to be the issue of his children. After the death of David H. Keiser's daughter Katherine on February 19, 1988, the Trustee performed an accounting to enable a distribution of a one-third share of both trusts. An audit of both trusts was made by the orphans' court on September 21, 1988. No objections were filed, and after the audit, the adjudications and schedules of

distribution were confirmed nisi on September 26, 1988. The confirmations became absolute when no exceptions were filed within the subsequent ten days. The Trustee distributed the proceeds to the respective beneficiaries in accordance with the confirmed schedules of distribution.

In November of 1988, the Trustee discovered that mistakes had occurred in the auditing of both trusts. Two errors were made with respect to the trust established in 1931. First, the accounting of the 1931 trust was performed as though it were an accounting for the one-third portion of the trust being distributed as a result of Katherine Keiser's death, when in reality, it was an accounting of the entire trust. The second mistake was charging the costs of making the distribution to the entire trust, rather than to the one-third portion of the trust being distributed. The amount of prejudice to the continuing trust established in 1931 totals $33,936.76.

In the accounting of the trust established in 1925, the Trustee erred in charging the costs of making distribution to the entire trust instead of just the one-third portion which was being distributed. The amount of prejudice to the continuing trust established in 1925 is $3,712.64.

As a result of the above errors made in connection with both trusts, two of the beneficiaries have been prejudiced while three other beneficiaries have received a windfall.

The three beneficiaries who had received an overpayment were notified of the Trustee's errors by letter on December 20, 1988. Two of the beneficiaries have refused to return the excess funds, causing the Trustee to file a petition to open the adjudication. The orphans' court, without a hearing, denied Trustee's petition, and this timely appeal followed.

The Trustee raises the following issues on appeal: 1) whether the Trustee has standing to seek a petition to open the adjudication; 2) whether the petition to open the adjudi-

cation to correct the Trustee's errors is barred by the doctrine of res judicata; 3) whether the orphans' court has the power to open an adjudication where mistakes resulted in an unjust enrichment to some beneficiaries; 4) whether the orphans' court erred in refusing to open the adjudication without a hearing.

 The Trustee maintains that it has standing to open the instant adjudication by virtue of its fiduciary obligation to ensure that funds under its control are properly distributed. We disagree. The orphans' court, in the interests of justice, has inherent power to correct its own records and compel the return of property wrongfully transferred by the personal representative. *In Re Stotesbury's Estate*, 387 Pa. 591, 595, 128 A.2d 587, 589 (1957); *In re Slagle's Estate*, 335 Pa. 552, 557, 7 A.2d 353, 355 (1939). The only opportunity, however, to obtain review of an account which has been finally confirmed is through the prescribed procedure set forth in 20 Pa.C.S. § 3521 and made applicable to trusts by 20 Pa.C.S. § 7183. *See In Re Crozer's Estate*, 346 Pa. 446, 449, 31 A.2d 147, 148 (1943)[1]. Section 3521 provides as follows:

> *If any party in interest* shall, within five years after the final confirmation of any account of a personal representative, file a petition to review any part of the account or of an auditor's report, or of the adjudication, or of any decree of distribution, setting forth specifically alleged errors therein, the court shall give such relief as equity and justice require: *Provided, [t]hat no such review shall impose liability on the personal representative as*

[1]. In *In Re Crozer's Estate*, the supreme court was construing an earlier version of section 3521, Act of June 7, 1917, P.L. 447, § 48 (20 P.S. § 843), repealed by Act of April 18, 1949, P.L. 512, art. VII, § 721 (20 P.S. § 320.721), repealed and essentially reenacted by Act of May 5, 1970, P.L. 336, No. 108, § 4, repealed and essentially reenacted by Act of June 30, 1972, P.L. 508, No. 164, § 2, eff. July 1, 1972 (20 Pa.C.S. § 3521). Although 20 P.S. § 843 differed substantively from 20 Pa. C.S. § 3521, like its predecessor, section 3521 continues to provide the only method to disturb an account which has been finally confirmed.

*to any property which was distributed by him in accordance with a decree of court* before filing of the petition. The court or master considering the petition may include in his adjudication or report, findings of fact and of law as to the entire controversy, in pursuance of which a final order may be made.

20 Pa.C.S. § 3521 (emphasis added).

Clearly, to have standing to review a final account, one must be a party in interest. The statute, however, does not define a "party in interest."

■ Although the Trustee has a fiduciary obligation to the beneficiaries prejudiced by its incorrect accounting, it has the same fiduciary obligation to those beneficiaries that were allegedly unjustly enriched. "When there are two or more beneficiaries of a trust, the trustee is under a duty to deal impartially with them." Restatement (Second) of Trusts § 183 (1957); *see also* Schubert, *Unocal Corp. v. Mesa Petroleum Co.: A New Era of Fiduciary Duty*, 38 Baylor L.Rev. 687 (1986). Additionally, the Trustee, as a fiduciary, should remain neutral in any controversy between the beneficiaries who are the real parties in interest. *See Annot.* 6 A.L.R.2d 147[2]; 4 Am.Jur.2d *Appeal and Error*, § 221[3].

Moreover, it is well settled that, "a person who is not adversely affected in any way by the matter he seeks to challenge is not 'aggrieved' thereby and has no standing to obtain a judicial resolution of his challenge." *Wm. Penn Park, Inc. v. City of Pittsburgh*, 464 Pa. 168, 192, 346 A.2d 269, 280 (1975); *see also In Re Elliot's Estate*, 388 Pa. 321,

---

**2.** "The Trustees should occupy a neutral and indifferent attitude in any controversy between the real parties in interest, and clearly they ought not be allowed to litigate the claims of one such interested party as against another[.]" 6 A.L.R.2d at 149.

**3.** "Since a trustee must deal impartially with the beneficiaries, he should not be allowed to participate in the adjudication of their individual claims between themselves." 4 Am.Jur.2d at 723–724, *Appeal and Error*, § 221 (footnote omitted).

323, 131 A.2d 357, 358 (1957). The Trustee has no stake in, and cannot be aggrieved by, any distribution that has been ordered by the court. Indeed, section 3521 clearly states that, "no such review [of an adjudication] shall impose liability on the personal representative as to any property which was distributed in accordance with a decree of court ..." 20 Pa.C.S. § 3521. The Trustee, as a personal representative, is afforded protection by the statute for any distribution made pursuant to a final decree ordered by the court. Here, the Trustee made its distribution pursuant to a decree of court, and therefore is immune from liability from the very review it was seeking to secure.

In *In re Bokey's Estate*, 412 Pa. 244, 194 A.2d 194 (1963), the appellant was both the administrator and an alleged heir. The supreme court found that the appellant, in his capacity as an administrator, had no standing to challenge a decree which involved a question of distribution, but would treat the appeal as though taken by the appellant in his individual capacity as an alleged heir. *Id.*, 412 Pa. at 247 n. 5, 194 A.2d at 195 n. 5. Here, the Trustee, as a personal representative who is not an alleged beneficiary, has no standing to bring an action concerning a question of distribution.

The Trustee argues that because it *will* be subject to a surcharge for its mistake in preparing the schedule of distribution, it has standing.[4] Again, we disagree.

If the order or decree imposes upon the trustee a personal liability such as a surcharge or if the trustee has a duty to protect some otherwise unrepresented trust interest which requires protection *then and only then* does the trustee have standing to appeal.

4. A surcharge is the penalty imposed for failure of a trustee to exercise common prudence, skill and caution in the performance of its fiduciary duties and is imposed to compensate beneficiaries for the loss caused by the fiduciary's want of care. *Trust of Munro v. Commonwealth National Bank*, 373 Pa.Super. 448, 452, 541 A.2d 756, 758 (1988), *alloc. denied*, 520 Pa. 607, 553 A.2d 969 (1989) *citing Stephenson Estate*, 469 Pa. 128, 138, 364 A.2d 1301, 1306 (1976).

*In Re Elliot's Estate*, 388 Pa. at 325, 131 A.2d at 359 (emphasis added). Instantly, the trial court's adjudication did not impose a surcharge upon the trustee. Therefore, the Trustee is not adversely affected by the order it was seeking to open, nor is it aggrieved by the order from which it appeals. Additionally, since all the beneficiaries are represented, and none are "unascertained or incompetent to act for themselves," they are not in need of protection. *Id.*

We are aware that justice and equity would seem to require that the adjudication be opened so that one beneficiary is not enriched to the prejudice of another as a result of the Trustee's accounting errors. The Trustee, however, is clearly not the party to bring such an action. The real parties in interest, and the proper parties to open the adjudication, are the beneficiaries. Where, as here, the order concerns the distribution of the trust assets to one group of beneficiaries at the expense of another group, the Trustee is merely an unaggrieved stakeholder with no immediate or appealable interest. *Wm. Penn. Park, Inc., supra; In Re Elliot's Estate, supra.* *See also* 6 A.L.R.2d 147, 149; 4 Am.Jur.2d *Appeal and Error*, § 221.

Since the Trustee is not a party in interest entitled to open the adjudication, the orphans' court was correct in concluding that the Trustee lacked standing. Therefore, we need not address the Trustee's remaining allegations of error.

Order affirmed.