615 A.2d 799

**Joanne NONNENMAN, Appellant,**

v.

**Enshrah M. Nour ELSHIMY, guardian of Ahmed N.H. Elshimy.**

Superior Court of Pennsylvania.

Submitted Sept. 21, 1992.

Filed Nov. 9, 1992.

598

Amy R. Stern, Ambler, for appellant.

Mark B. Dischell, Lansdale, for appellee.

Before OLSZEWSKI, FORD ELLIOTT and HESTER, JJ.

HESTER, Judge.

Appellant, Joanne Nonnenman, appeals from the order of the Court of Common Pleas of Montgomery County granting

preliminary objections filed by appellee and dismissing her cause of action. For the reasons which follow, we are constrained to reverse and remand.

This matter arose pursuant to the petition for custody filed by appellant. Appellee is the wife and guardian of Ahmed Elshimy, an incompetent. Appellant and Ahmed are the natural parents of eleven-year-old Mohamed Chad Elshimy, who was born to the parties on May 6, 1981. Appellee and Ahmed have been married since before Chad's birth.

On March 17, 1992, the Court of Common Pleas of Montgomery County granted appellee's preliminary objections and dismissed appellant's petition for custody.[1] In light of the fact that we reverse the trial court and remand for proceedings consistent with this opinion, we will not address appellant's contention that the preliminary objections were untimely and should not have been entertained by the trial court.

Initially, we examine our scope of review. "When sustaining a preliminary objection would result in dismissal of an action, the objection should be sustained only in cases which are free from doubt." *Engle v. Engle*, 412 Pa.Super. 425, 430, 603 A.2d 654, 657 (1992). Further, we review the evidence in the light most favorable to the non-moving party. *Id.*

We glean the following facts from the pleadings, the opinion of the trial court, and the briefs. As noted previously, Joanne Nonnenman bore a child to Ahmed Elshimy on May 6, 1981. At that time, and to this day, Ahmed has been married to Enshrah Elshimy. The child, Chad, apparently enjoyed a close and loving relationship with his father, Ahmed, but always has resided with his mother, Joanne. On October 3, 1989, Ahmed was shot and seriously injured during the course of his employment as a security guard. On February 12, 1990, Ahmed was adjudged an incompetent, and his wife, Enshrah

---

1. The trial court considered the petition as one for visitation, not custody. "The distinguishing factors between visitation and partial custody are the length, frequency, and place of visits and who has effective control of the child during the visits." *Bucci v. Bucci*, 351 Pa.Super. 457, 467, 506 A.2d 438, 441 (1986). Any order entered subsequent to remand should set forth the precise nature of the relief afforded.

Elshimy, appellee herein, was appointed as his legal guardian. Since the date of Ahmed's injury, Enshrah has refused to permit Chad to visit with his father. Appellant instituted this action to establish visitation between Chad and his father after Chad happened to see his father at a local sporting event, and Ahmed hugged and kissed him and appeared delighted to see the child.

In concluding that the petition to determine custody should be dismissed, the trial court stated, "[T]he Court has little doubt that were it Mr. Elshimy's decision, he would probably desire to see his son.... While recognizing the desires of the minor child, the Court must also consider the rights of the Guardian–Wife." Trial court opinion, 6/9/92, at 3. These statements demonstrate three misperceptions about the factors to be evaluated under the circumstances in this case.

First, this is an action requesting visitation between a father and his child, who previously enjoyed a close relationship. "[I]t has long been against our public policy to limit or destroy the relationship between parent and child, and except in unusual circumstances the estrangement of a child from either parent will not be sanctioned.... Every parent has the right to develop a good relationship with the child, and every child has the right to develop a good relationship with both parents." *Pamela J.K. v. Roger D.J.*, 277 Pa.Super. 579, 593, 419 A.2d 1301, 1309 (1980); *see also* 23 Pa.C.S. § 5301 ("It is the public policy of this Commonwealth, when in the best interest of the child, to assure a reasonable and continuing contact of the child with both parents....").

Second, in matters of custody and visitation, the ultimate consideration for the court is a determination of what is in the best interest of the child, and all other considerations are deemed subordinate to the child's physical, intellectual, moral, and spiritual well-being. *Lee v. Fontine*, 406 Pa.Super. 487, 594 A.2d 724 (1991); *Zummo v. Zummo*, 394 Pa.Super. 30, 574 A.2d 1130 (1990). Thus, the trial court was required to focus on the best interest of eleven-year-old Chad, not the best interest of either parent or, in this case, the incompetent parent's guardian.

■ Third, the *guardian's* rights are not at issue in this setting. The guardian is simply the court's "bailiff or agent in protecting [the incompetent] and his estate." *In re Guardianship of Palmer*, 170 Pa.Super. 289, 292, 85 A.2d 669, 670 (1952); *see also In re Sigel*, 372 Pa. 527, 94 A.2d 761 (1953). As we stated in *In re Terwilliger*, 304 Pa.Super. 553, 559–60, 450 A.2d 1376, 1380 (1982):

> Although a court-appointed "guardian" is vested with the "care and management of the person ... under legal disability," 46 P.S. § 601(47) (1969); *see Daniels v. Metropolitan Life Insurance Co.*, 135 Pa.Super. 450, 5 A.2d 608 (1939), the appointee, being an officer of the court, is always under the court's control and is subject to its directions as to the person of the ward. *See generally Beaver's Estate*, 121 Pa.Super. 159, 182 A. 744 (1936)....

Thus, if the best interest of the child is the paramount concern, and all other interests are subordinate, including any interests of the parents, certainly, the guardian's rights, which "exist solely for the ward's benefit," *Commonwealth ex rel. Children's Aid Society v. Gard*, 162 Pa.Super. 415, 421, 58 A.2d 73, 76 (1948), are subordinate to the best interest of the child.

The court stated that the compelling evidence presented in favor of granting the petition "must be weighed against the substantial inconvenience and emotional stress granting the Petition will visit upon Mrs. Elshimy...." Trial court opinion, 6/9/92, at 3. Thus, it is clear that the trial court focused primarily upon the best interest of the guardian, which conflicted with that of the child and the incompetent. Meanwhile, the inquiry should have been what was in the interest of the incompetent and his child. All might sympathize and agree that the guardian has been confronted with "her husband's physical and intellectual infirmities, as well as the fact that he fathered a child with another woman while married to her." *Id.* However, our primary consideration herein is whether it is in Chad's best interest to continue a relationship with his father in light of Mr. Elshimy's disability.

In this regard, the record is woefully inadequate. There was no testimony presented upon which such a finding could be based. The trial court must be apprised, by expert testimony, of the extent of Mr. Elshimy's disability and of the effects, if any, of visitation with Chad upon his condition. Moreover, Mr. Elshimy's wishes concerning visitation with Chad must be ascertained, if possible. For support, we rely upon our language in a decision addressing the right of a guardian to consent to sterilization of an incompetent. "Despite the fact that the individual may be labelled an 'incompetent person,' does not mean that his or her apparent preferences can be totally ignored." *In re Terwilliger, supra,* 304 Pa.Super. at 566, 450 A.2d at 1383. Similarly, Mr. Elshimy, if he is able, must be given the opportunity to express his own views on the subject.

The trial court noted that at a conference in chambers, the parties were afforded an opportunity to place anything on the record, and they declined to do so. Thus, the court proceeded to render its decision based only upon the pleadings. Given the incomplete state of the record, we cannot rule on the substantive issues raised. We previously stated:

> In custody and visitation cases, the paramount concern is the best interests of the child. *Bucci v. Bucci,* 351 Pa.Super. 457, 506 A.2d 438 (1986). A determination of where those interests lie can only be made on the basis of a reasonably complete record, and the "hearing judge must by his opinion give the reviewing court the benefit of a thorough analysis of that record." *In re Long,* 313 Pa.Super. 47, 52, 459 A.2d 403, 405 (1983).

*Vanaman v. Cowgill,* 363 Pa.Super. 602, 605–06, 526 A.2d 1226, 1227 (1987); *see also Artzt v. Artzt,* 383 Pa.Super. 23, 556 A.2d 409 (1989) (where record was incomplete, remand for evidentiary hearing was necessary). The trial court must proceed with a custody hearing to determine if it is in Chad's best interest to continue a relationship with his father. All interests will be considered subordinate to his. Moreover, the existence of any animosity among the parties will not be

permitted to override the pertinent inquiry into the best interests of the child.

Order reversed. Case remanded for a hearing consistent with this Opinion. Jurisdiction relinquished.