652 A.2d 352

# Neil DORSEY

v.

# Irene FREEMAN, a/k/a Paulette Evans, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 16, 1994.

Filed Dec. 20, 1994.

Lorraine M. Bittner, Pittsburgh, for appellant.

Robert W. Koehler, Pittsburgh, for appellee.

Before ROWLEY, P.J., and HUDOCK and CERCONE, JJ.

238

CERCONE, Judge:

This is an appeal awarding legal and physical custody of a minor child to the natural father and granting liberal visitation rights to the child's maternal grandmother. We affirm.

Neil Dorsey (father) and Tyra Evans (mother) were never married. When their daughter, Sheira Dorsey, was born in November of 1988, father initially refused to believe that the child was his. However, Mr. Dorsey acknowledged paternity when the child was approximately six months old and thereafter maintained regular contact with his daughter. Father visited Sheira on a weekly basis until the spring of 1990 when he enlisted in the U.S. Marine Corps. For the next two years, father visited the child when his duty schedule would permit, and enjoyed physical custody for approximately one week during the Christmas holidays and for several weeks during the summer.

Mother was killed in March of 1992, and the maternal grandmother assumed physical custody of Sheira. Father sought, and was granted, immediate leave so that he could return home for his daughter. However, the grandmother refused to part with the child. Father filed a complaint seeking custody on April 23, 1992 naming the maternal grandmother, Irene Freeman, as the defendant. A bitter conflict ensued which involved several motions for contempt, enforcement, and modification of the trial court's interim order. On October 21, 1993, the Honorable Lee J. Mazur granted legal and physical custody of the child to her father while ordering liberal visitation with the maternal grandmother. Mrs. Freeman timely filed a notice of appeal on November 19, 1993. This case presents one issue for our consideration: did the lower court err as a matter of law and/or abuse its discretion in granting primary custody to father?

In a custody dispute between a parent and a non-parent, the non-parent bears both the burden of persuasion and the burden of production concerning evidence. *Karner v. McMahon*, 433 Pa.Super. 290, 299, 640 A.2d 926, 930 (1994). The non-parent's evidentiary burden is a heavy one as the

scales are "tipped hard" in favor of the parent. *Id.* (quoting *In re Custody of Hernandez*, 249 Pa.Super. 274, 376 A.2d 648 (1977)). Although it has sometimes been said that a natural parent possesses a *"prima facie* right" to custody of his or her child, this cannot be understood as designating a property right in the child. *Id.* (citing *Albright v. Commonwealth ex rel. Fetters*, 491 Pa. 320, 421 A.2d 157 (1980)). Parenthood alone is insufficient to defeat a custody claim raised by a non-parent; the hearing court must remain free to award custody to the person who will most adequately foster the best interests of the child. *Id.* 433 Pa.Super. at 300, 640 A.2d at 931.

 In any custody dispute, whether the case involves two natural parents or a parent and a third party, the court's overriding concern is always to determine what will serve the best interests of the child. *Id.* This question may never be subordinated to other considerations such as "fundamental rights and fair play." *Andrews v. Andrews*, 411 Pa.Super. 286, 289 n. 2, 601 A.2d 352, 353 n. 2 (1991), *aff'd*, 533 Pa. 354, 625 A.2d 613 (1993). The custody court has the obligation to weigh all relevant factors that could affect the child's well being. *Id.* 411 Pa.Super. at 289, 601 A.2d at 353. In a custody dispute, all other issues are deemed less important than the child's physical, intellectual, moral, and spiritual well-being. *Nonnenman v. Elshimy*, 419 Pa.Super. 597, 600, 615 A.2d 799, 801 (1992), *appeal denied*, 535 Pa. 637, 631 A.2d 1008 (1993); *Warren v. Rickabaugh*, 410 Pa.Super. 431, 600 A.2d 218 (1991).

> [T]he fact that the best interests of the child is the paramount consideration is ... beyond peradventure.... Indeed, even the rights of natural parents are subordinate to the child's best interest. *Constant A. v. Paul C.A.*, 344 Pa.Super. 49, 496 A.2d 1 (1985).

*Karner v. McMahon*, 433 Pa.Super. at 301–02, 640 A.2d at 932.

 Our scope of review in a child custody case is of the broadest type. *McMillen v. McMillen*, 529 Pa. 198, 202, 602 A.2d 845, 847 (1992).

> [T]he appellate court is not bound by the deductions or inferences made by the trial court from its findings of fact, nor must the reviewing court accept a finding that has no competent evidence to support it. However, this broad scope of review does not vest in the reviewing court the duty or the privilege of making its own independent determination. Thus, an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but it may not interfere with those conclusions unless they are unreasonable in view of the trial court's factual findings[,] and thus ... represent a gross abuse of discretion.

*Id.* (citations omitted). Although we are empowered to determine whether the hearing court's conclusions are supported by competent evidence and whether the court's conclusions are reasonable in light of its factual findings, on issues of credibility and the weight to be accorded particular evidence, we must defer to the hearing judge. *Andrews v. Andrews,* 411 Pa.Super. at 289, 601 A.2d at 353. Only where we find that the custody order is "manifestly unreasonable" will we interfere with the lower court's disposition. *Id.* at 290, 601 A.2d at 353.

We have carefully considered the parties' briefs in conjunction with our full review of the certified record. The trial court opinion thoroughly explains the factual basis behind the custody decision. Moreover, we find that the certified record reasonably supports Judge Mazur's conclusions concerning Sheira's best interests. As we find no indication that the custody order entered in this case is manifestly unreasonable, we affirm the lower court's decision on the basis of the trial court opinion filed June 29, 1994 by Judge Mazur.

Order affirmed.