J-S54014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF DANIEL L. DESTEFANO | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: ESTATE OF DANIEL DESTEFANO | : : : : : : : | No. 72 WDA 2017 |

Appeal from the Order December 8, 2016
In the Court of Common Pleas of Crawford County
Orphans' Court at No(s):  OC 2014-0146

BEFORE:   OTT, J., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 15, 2017**

This appeal is brought by the "Estate of David [sic[1]] DeStefano" ("the Estate") from the order entered December 8, 2016, in the Court of Common Pleas of Crawford County.  The orphans' court's December 8, 2016, order resolved exceptions to the Master's Report, which was issued after objections were filed by the estate of the sole heir of Daniel DeStefano (Decedent) to the First and Final Account, filed by Cindy Lou Baker, Administratrix of the Estate of Daniel L. DeStefano (Administratrix).  In this appeal, the Estate challenges (1) the reduction of the commission of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] This case is captioned in the orphans' court as "In re: Estate of Daniel DeStefano," but the notice of appeal inadvertently misstates the first name of the decedent.  We have corrected the caption of this appeal.

Administratrix, (2) the reduction of the fee charged by Thomas Ruth, Esquire, the attorney for the Estate, (3) the surcharge imposed on the Administratrix for "loss on the sale of vehicle" and related storage fee, (4) the surcharge imposed on the Administratrix for a tax preparation fee charged by her business, H & R Block, and (5) the surcharge imposed on the Administratrix for "the loss of the value of equipment." Order, 12/8/2016. Based upon the following, we quash this appeal.

The facts and procedural history are fully set forth in the Orphans' Court Opinion. *See* Orphans' Court Opinion, 12/8/2016, at 1–4. Briefly, we reiterate:

> Daniel L. DeStefano died on July 22, 2012. Letters of Administration for his estate were granted August 14, 2012 to Cindy Lou Baker by the Register of Wills of Crawford County.
>
> The decedent's sole heir was his mother, Elizabeth I. DeStefano, who then died on March 10, 2013, and on September 25, 2013 the Register of Wills of Blair County, Pennsylvania appointed her daughter, Jeanine Decker as the Administratrix of the Estate of Elizabeth I. DeStefano.
>
> On February 5, 2015 the Administratrix of the Estate of Daniel L. DeStefano filed a First and Final Account which accounted for the period from August 14, 2012 through January 5, 2015.
>
> On May 18, 2015 Jeanine Decker as the Administratrix of the Estate of Elizabeth I. DeStefano filed objections to the First and Final Account of the Administratrix of the Estate of Daniel L. DeStefano[.]

Orphans' Court Opinion, 12/8/2016, at 1.

Following the filing of a Master's Report, and the parties' exceptions thereto, the orphans' court conducted oral argument and concluded, "It is abundantly clear the Estate of Daniel L. DeStefano was mishandled by the Administratrix and the attorney for the estate." *Id.* at 3. Consistent with its determination, the orphans' court entered the order under appeal, reducing the commission of the Administratrix of the Estate, reducing the fees of Mr. Ruth, and imposing surcharges on the Administratrix. The orphans' court ordered Administratrix and Mr. Ruth to make repayments and reimbursements to the Estate, ordered Administratrix to pay the specified surcharge amounts, and removed Administratrix from administering the Estate and removed Mr. Ruth from representation of the Estate. *See* Order, 12/8/2016.

At the outset, we consider the issue of standing of the Estate to bring this appeal. Pennsylvania Rule of Appellate Procedure 501 provides in relevant part that "any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom." Pa.R.A.P. 501. Therefore,

> only a party who has been aggrieved by an appealable order may appeal to this Court. Pa.R.A.P. 501; *Commonwealth v. Polo*, 563 Pa. 218, 759 A.2d 372, 373 n. 1 (2000) *citing* *In re Elliott's Estate*, 388 Pa. 321, 131 A.2d 357, 358 (1957).

> This Court has consistently held that for purposes of Pa.R.A.P. 501, "[a] party is 'aggrieved' when the party has been adversely affected by the decision from which the appeal is taken. A prevailing party is not 'aggrieved' and therefore, does not have standing to appeal an order

that has been entered in his or her favor." ***Ratti v. Wheeling Pittsburgh Steel Corp.***, 2000 PA Super 239, 758 A.2d 695, 700 (Pa. Super. 2000); ***see Clairton Corp. v. Chicago Title Ins.***, 438 Pa. Super. 488, 652 A.2d 916, 921 (1995); ***Green v. SEPTA***, 380 Pa. Super. 268, 551 A.2d 578 (1988). Although a prevailing party may disagree with the trial court's legal reasoning or findings of fact, the prevailing party's interest is not adversely affected by the trial court's ultimate order because the prevailing party was meritorious in the proceedings below. ***Almeida v. W.C.A.B.*** (***Herman Goldner Co.***), 844 A.2d 642, 644 (Pa. Cmwlth. 2004); ***ACS Enters. v. Norristown Borough Zoning Hearing Bd.***, 659 A.2d 651, 654 (Pa. Cmwlth. 1995); ***Middletown Township v. Pa. Public Util. Com.***, 85 Pa. Cmwlth. 191, 482 A.2d 674, 685 (1984).

***In re J.G.***, 2009 PA Super 217, 984 A.2d 541, 546 (Pa. Super. 2009), *appeal denied*, 605 Pa. 715, 991 A.2d 313 (2010).

***Estate of Pendergrass***, 26 A.3d 1151, 1154 (Pa. Super. 2011).

Instantly, the appeal is taken by the Estate.[2] However, the Estate has not been adversely affected by the orphans' court's December 8, 2016

_____

[2] The notice of appeal, filed by Mr. Ruth, reads:

Notice is hereby given that the Estate of David [sic] DeStefano, captioned above [*i.e.*, In Re: Estate of Daniel L. DeStefano, No. OC 2014–0146, Orphans' Court] hereby appeals to the Superior Court of Pennsylvania from the order Entered in this matter on the 8th of December 2016.

This Order has been entered in the docket as evidenced by the attached copy of the docket entry.

Notice of Appeal, 1/6/2017.

order.[3]  To the contrary, the Administratrix and the attorney for the Estate have been ordered to **refund** the Estate.   Importantly, only the Administratrix and the attorney for the Estate are aggrieved by the order of the orphans' court.[4]  Accordingly, we quash the appeal.

Appeal quashed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/15/2017

---

[3] In fact, "[t]here is no such legal entity as an 'estate.'" **In re Harrisburg Tr. Co.**, 80 Pa. Super. 585,587 (1923).

[4] We note the position of Appellee that "Neither the Administratrix nor Attorney Ruth have complied with Pa.R.A.P. 902 and 903(a), which require that an aggrieved party file a notice of appeal in the lower court within thirty (30) days of the issuance of an appealable order." Appellee's Brief at 11.