ESTATE OF Theodore Dereese
PENDERGRASS,
Deceased.

Appeal of Joan Pendergrass, Executrix
of the Estate of Theodore D. Pen-
dergrass, Deceased, Appellant.

Estate of Theodore D. Pendergrass,
Deceased.

Appeal of Theodore D. Pendergrass,
II, Appellant.

Superior Court of Pennsylvania.

Argued June 21, 2011.

Filed Aug. 8, 2011.

Reconsideration Denied Sept. 22, 2011.

Joel S. Luber, Philadelphia, for Joan Pendergrass et al.

James F. Mannion, King of Prussia, for Theodore D. Pendergrass.

BEFORE: STEVENS, P.J., GANTMAN, and OTT, JJ.

OPINION BY STEVENS, P.J.:

Joan Pendergrass, Executrix of the estate of Theodore D. Pendergrass, deceased, (hereinafter "Mrs. Pendergrass") appeals from the Order entered on August 4, 2010, in the Orphans' Court Division of the Court of Common Pleas of Montgomery County.[1] Also before us is the appeal of Theodore D. Pendergrass, II, (hereinafter "Mr. Pendergrass") from the same Order. Upon our review of the record, we quash both appeals.

The orphans' court set forth the facts herein as follows:

The decedent, Theodore D. Pendergrass, died on January 13, 2010, survived by his wife, [Mrs. Pendergrass], two daughters, a son, and two stepdaughters. On January 25, 2010, Mrs. Pendergrass applied for and received letters testamentary pursuant to a will dated March 25, 2009, and codicil thereto dated October 17, 2009. On March 3, 2010, the decedent's son [Mr. Pendergrass] filed an appeal from probate, seeking to strike the October codicil for lack of proper execution.[1] On March 26, 2010, counsel for Mrs. Pendergrass filed "objections" to the appeal from probate. On April 14, 2010, counsel for Mr. Pendergrass [ ] filed the instant motion for judgment on the pleadings, and a response was filed thereto on May 28, 2010. Counsel submitted memoranda of law and the matter was argued before the undersigned on July 14, 2010.

The following facts are undisputed. The decedent was a paraplegic; Mrs. Pendergrass held his power of attorney. The probated will was a joint will for both [decedent] and Mrs. Pendergrass. The contested codicil, which was also joint, revoked certain gifts and otherwise ratified the March will. It did not mention the May will. The codicil was signed by Mrs. Pendergrass as "Joan Pendergrass, agent for T.D.P." and also by Mrs. Pendergrass as testatrix.

---

[1] Mr. Pendergrass [ ] also intends to challenge the March will and substitute for it a will dated May 24, 2009, in which he is named the sole beneficiary.

Memorandum Opinion and Order Sur Motion for Judgment on the Pleadings, filed August 4, 2010, at 1–2.

Mrs. Pendergrass filed her notice of appeal in her capacity as Executrix on September 2, 2010. In her brief, Mrs. Pendergrass raises the following questions:

---

1. The Order reads as follows: "AND NOW, this 4th day of August 2010, after argument and consideration of memoranda of law, the motion for judgment on the pleadings filed on behalf of [Mr. Pendergrass] is GRANTED, the appeal from probate filed on February 19, 2010, [sic] is SUSTAINED, and that portion of the decree of the Register of Wills admitting to probate the codicil dated October 17, 2009, is STRICKEN." We note here that the appeal was dated February 19, 2010, though the certified docket indicates it was not filed until March 3, 2010.

1. Whether the [t]rial [c]ourt erred as a matter of law in striking that portion of the Decree of the Register of Wills admitting to probate the Codicil?
2. Whether the [t]rial [c]ourt erred as a matter of law in not striking the Decree of the Register of Wills in its entirety?
3. Whether the [t]rial [c]ourt erred as a matter of law in suggesting, in dicta, that a testator's initials satisfy the requirements of 20 Pa.C.S.A. § 2502(3) that the testator's name be subscribed to the document?

Brief for Mrs. Pendergrass at 1.

Mr. Pendergrass filed his notice of appeal on September 8, 2010. In his brief, he raises two issues for our consideration:

1. Whether the [t]rial [c]ourt erred as a matter of law in only striking "*that portion* of the Decree of the Register of Wills admitting to probate the Codicil dated October 17, 2009" rather than striking that Decree in its entirety?
2. Whether the [t]rial [c]ourt erred as a matter of law in suggesting, in dicta, that a testator's initials satisfies [sic] the requirements of 20 Pa. C.S.A. § 2502(3) that the testator's name be subscribed to the document?

Brief for Mr. Pendergrass at 3.

The trial court did not order, and neither party filed, a statement pursuant to Pa.R.A.P. 1925(b).

 At the outset, we note that these appeals are properly before us under Pa. R.A.P. 311(a)(8) which specifically permits immediate appeals from orders of the orphans' court determining the validity of a will, despite the fact that these orders are often interlocutory. *In re Estate of Harper,* 975 A.2d 1155, 1158 (Pa.Super.2009).

In addition, our standard of review of the orphans' court findings is deferential:

When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. *In re Estate of Geniviva,* 450 Pa.Super. 54, 675 A.2d 306, 310 (1996). However, 'we are not constrained to give the same deference to any resulting legal conclusions.' *Id.* 'Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.' *In re Smith,* 890 A.2d 1082, 1086 (Pa.Super.2006) (quoting *In re Estate of Harrison,* 745 A.2d 676, 678–79 (Pa.Super.2000)). *In re Padezanin,* 937 A.2d 475, 479 (Pa.Super.2007).

*Harper,* 975 A.2d at 1159.

In its Memorandum Opinion, the orphans' court concluded that Mr. Pendergrass must prevail on his motion to set aside probate of the October 17, 2009, codicil because an agent under a power of attorney does not have the power to execute a testamentary document on behalf of his principal. The orphans' court also opined:

[w]e assume, for the sake of this argument, that Mr. Pendergrass could not sign his name or make his mark, that the signing took place in his presence and he declared the document to be his will in the presence of two witnesses who signed the will. Under these circumstances, *arguendo,* if Mrs. Pendergrass had signed the document with just the initials "T.D.P.," this would meet the requirement that the testator's name be

subscribed to the document. However, Mrs. Pendergrass clearly identified herself as agent and signed in this capacity. Because she did so, we can not [sic] say she signed the testator's name as required under Section 2502(3).[2] Her counsel's arguments that the words "Joan Pendergrass, agent for" were merely surplusage or were added to ensure that she had "dotted all the I's and crossed all the t's" are simply not persuasive.

Memorandum Opinion and Order Sur Motion for Judgment on the Pleadings, filed August 4, 2010, at 2–3.

We first consider the Appeal of Mr. Pendergrass and note that only a party who has been aggrieved by an appealable order may appeal to this Court. Pa. R.A.P. 501;[3] *Commonwealth v. Polo*, 563 Pa. 218, 759 A.2d 372, 373 n. 1 (2000) *citing In re Elliott's Estate*, 388 Pa. 321, 131 A.2d 357, 358 (1957).

This Court has consistently held that for purposes of Pa.R.A.P. 501, "[a] party is 'aggrieved' when the party has been adversely affected by the decision from which the appeal is taken. A prevailing party is not 'aggrieved' and therefore, does not have standing to appeal an order that has been entered in his or her favor." *Ratti v. Wheeling Pittsburgh Steel Corp.*, 758 A.2d 695, 700 (Pa.Super.2000); *see Clairton Corp. v. Chicago Title Ins.*, 438 Pa.Super. 488, 652 A.2d 916, 921 (1995); *Green v. SEPTA*, 380 Pa.Super. 268, 551 A.2d 578 (1988). Although a prevailing party may disagree with the trial court's legal reasoning or findings of fact, the prevailing party's interest is not adversely affected by the trial court's ultimate order because the prevailing party was meritorious in the proceedings below. *Almeida v. W.C.A.B. (Herman Goldner Co.)*, 844 A.2d 642, 644 (Pa.Cmwlth.2004); *ACS Enters. v. Norristown Borough Zoning Hearing Bd.*, 659 A.2d 651, 654 (Pa. Cmwlth.1995); *Middletown Township v. Pa. Public Util. Com.*, 85 Pa.Cmwlth. 191, 482 A.2d 674, 685 (1984).

*In re J.G.*, 984 A.2d 541, 546 (Pa.Super.2009), *appeal denied*, 605 Pa. 715, 991 A.2d 313 (2010).

Herein, in his Memorandum of Law in support of Motion for Judgment on the Pleadings, Mr. Pendergrass averred that the October codicil does not satisfy the requirements of 20 Pa.C.S.A. § 2502(3) and should not have been admitted to probate because the decedent's name is not subscribed to it in that Mrs. Pendergrass was not authorized to execute a codicil on the decedent's behalf. *Id.* at 5–6. Mr. Pendergrass ultimately was victorious in that the orphans' court agreed and granted his motion for judgment on the pleadings. While Mr. Pendergrass contends in his appellate brief that the order should have referenced the March will and disagrees with the dicta of the orphans' court that initials satisfy the signature requirement under 20 Pa.C.S.A. § 2502(3), these arguments go beyond the scope of his mo-

---

**2.** The Probate, Estates and Fiduciaries Code provides the following:

 **(3) Signature by another.** If the testator is unable to sign his name or to make his mark for any reason, a will to which his name is subscribed in his presence and by his express direction shall be as valid as though he had signed his name thereto: Provided, That [sic] he declares the instrument to be his will in the presence of two witnesses who sign their names to it in his presence.

20 Pa.C.S.A. § 2502.

**3.** Pa.R.A.P. 501 entitled, "Any Aggrieved Party May Appeal," provides, "[e]xcept where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom."

tion for judgment on the pleadings. Indeed, Mr. Pendergrass conceded in his Memorandum of Law in support of Motion for Judgment on the Pleadings that "[a]llegations regarding the validity of the May Will are premature, and irrelevant to the narrow legal issue before the [c]ourt." *Id.* at 3 n. 1. As the prevailing party, Mr. Pendergrass does not have standing to appeal the orphan's court order which has been entered in his favor. *See Hospital and Healthsystem Ass'n of Pa. v. Dept. of Public Welfare,* 585 Pa. 106, 888 A.2d 601, 607 (2005) (finding that "where a person is not adversely affected in any way by the matter challenged, he is not aggrieved and thus has no standing to obtain a judicial resolution of that challenge."); *see also Wm. Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269, 280–281 (1975) (plurality); *Pierro v. Pierro,* 434 Pa. 131, 132–133, 252 A.2d 652, 653 (Pa. 1969) (determining that where what the court had to say in its opinion regarding the sufficiency of the pleadings was dicta and did not establish the law of the case, the plaintiff was not injured by the court's order and was not a proper appellant at that stage of the proceedings). As such, we quash Mr. Pendergrass's appeal.

■ With regard to the appeal of Mrs. Pendergrass, we note that she has appealed in her capacity as Executrix, not individually. Moreover, no distribution has yet been made under either the March or the May will. Our Supreme Court has determined that an executor is not a party aggrieved by a decree deciding an issue between beneficiaries. *Estate of Karahuta,* 481 Pa. 512, 514, 393 A.2d 22, 23 (1978). Herein, the decedent's estate has not been aggrieved by the probate of any will. Thus, the appeal of Mrs. Pendergrass, Executrix, is also quashed.

Appeal of Mr. Pendergrass quashed. Appeal of Mrs. Pendergrass quashed. Case remanded for further proceedings. Superior Court jurisdiction relinquished.