J. A32043/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF: GAETANO CIUCCARELLI, DECEASED | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: FRANK CARUSO, | : : | No. 1251 EDA 2014 |

Appeal from the Order Entered April 2, 2014
In the Court of Common Pleas of Philadelphia County
Orphans' Court No(s).: 1936 DE of 2006 Control Nos. 145073

BEFORE: PANELLA, OLSON, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED DECEMBER 12, 2014**

This case returns to us after a prior panel remanded. Appellant, Frank Caruso, acting as Administrator of the Estate of Eileen Caruso, and individually, appeals from the order of the Philadelphia County Court of Common Pleas, Orphans' Court Division, dismissing his escrow forgery complaint on preliminary objections. Appellant avers the court erred in sustaining Appellee's, T.D. Bank's, preliminary objections to the complaint based upon Eileen Caruso's, decedent's adopted daughter's, lack of standing in the underlying estate case. We affirm.

We adopt the facts and procedural posture of this case as stated by a prior panel of this Court.

---

[*] Former Justice specially assigned to the Superior Court.

The factual and procedural history of this case is lengthy. On November 10, 2004, Decedent [Gaetano Ciuccarelli] executed a reciprocal will with his wife ("2004 Will"). Following her death, Decedent was unable to locate the 2004 Will, and executed a second will on May 2, 2006 ("2006 Will"). Both the 2004 Will and the 2006 Will named Decedent's sister, Angelia Scheswohl, and her husband, Edward Scheswohl ("the Scheswohls"), as Decedent's sole beneficiaries. Trial Court Opinion ("T.C.O."), 1/16/2012, at 2–3.

On November 2, 2006, Decedent died. He was survived by the Scheswohls and by his adopted daughter, Eileen Caruso. On November 21, 2006, the 2006 Will was admitted to probate as the last will and testament of Decedent. The Scheswohls were named as executors, but renounced that right in favor of their attorney, Christine Embry Waltz ("Attorney Waltz"). Letters of administration *cum testamento annexo* were issued to her. On December 19, 2006, in an action filed in the Orphans' Court Division, Eileen Caruso challenged Decedent's 2006 Will (hereinafter, "Will Contest"). Eileen Caruso alleged testamentary incapacity and undue influence. She was represented by Raymond J. Quaglia ("Attorney Quaglia"). Attorney Waltz, in her capacity as administratix of Decedent's estate, was represented by C. George Milner ("Attorney Milner").

**Following discovery, Attorney Waltz filed a motion to dismiss Eileen Caruso's complaint, alleging that [she] lacked standing. On January 10, 2008, the trial court** (per the Honorable Anne Lazarus, then sitting as a Common Pleas Judge) **dismissed the Will Contest on the basis that Eileen Caruso lacked standing.** Eileen Caruso appealed to this Court. In a memorandum filed on July 24, 2009, we remanded for further proceedings before the trial court to determine: (1) whether the 2004 Will could be probated without an original; (2) whether the 2004 Will was invalid due to testamentary incapacity or undue influence; and (3) whether Decedent's 2006 Will similarly was invalid. ***In re Estate of Ciuccarelli***, [1140 EDA 2008 (unpublished memorandum) (Pa. Super. July 24, 2009).] On March 15

and 16, 2010, trial on these issues proceeded before the Honorable Matthew Carrafiello.

On July 8, 2010, while the Will Contest remained pending in the Orphans' Court Division of the Court of Common Pleas of Philadelphia County, Eileen Caruso and [her husband,] Appellant[1] (collectively, "the Carusos"), filed a complaint in this separate action in the Trial Division of that court. The Carusos asserted claims against TD Bank, Attorney Milner, and Attorney Waltz. **These new allegations related to the escrow of proceeds from the sale of Decedent's home** (hereinafter, the "Escrow Case"). Specifically, the Carusos asserted that the parties to the Will Contest consented to sell the residence and place the monies resulting from the sale in escrow pending determination of the underlying Will Contest. *See* Appellant's Stipulation and Consent to Sale of Real Estate, 7/30/2007, at 2 ("**The net proceeds of the sale shall be escrowed pending determination of the petition of appeal filed by Eileen Caruso**."). The residence was sold sometime "in the first half of 2007." Brief for Attorney Milner at 4. Initially, the money from the sale was held by First Patriot Abstract Company ("FPAC") with TD Bank. At some time in April 2008, FPAC advised the parties that it would no longer hold the subject funds, and it delivered a check payable to the order of "George Milner / Raymond Quaglia for Gae Ciuccarelli" to Attorney Milner. Attorney Milner endorsed the check and deposited it in an interest-bearing account, apparently without consulting the Carusos or Attorney Quaglia. Based upon Attorney Milner's actions, the Carusos alleged that Attorney Milner forged Attorney Quaglia's signature to deposit the check, and that Attorney Waltz and TD Bank also were liable. Specifically, the Carusos asserted claims for: (1) fraud, material misrepresentation, and forgery against Attorney Milner; (2) breach of contract against Attorney Milner and Attorney Waltz; (3) breach of fiduciary duty against Attorney Waltz; and (4) breach of warranty under the Uniform Commercial Code ("UCC") against TD Bank. *See* Escrow Case Complaint, 7/8/2010, at 1–9.

---

[1] The appellant in that appeal is the appellant in the instant appeal.

On August 11, 2010, the trial court ruled against Eileen Caruso in the Will Contest, finding that (1) even if the 2006 Will was invalidated, the 2004 Will properly could be probated; and (2) neither document was the product of testamentary incapacity or undue influence. Eileen Caruso filed exceptions, which were denied on December 20, 2012. She appealed, for the second time in the Will Contest, to this Court. [**See Estate of Ciuccarelli**, 83 EDA 2011 (unpublished memorandum) (Pa. Super. Aug. 16, 2011), *appeal denied*, 229 EAL 2012.]

Meanwhile, on August 5, 2010, **TD Bank had filed preliminary objections in the Escrow Case, alleging that the Carusos lacked the capacity to sue and had failed to state a claim upon which relief could be granted**. *See* Preliminary Objections of TD Bank to Escrow Case Complaint, 8/5/2010, at 1–5. On September 22, 2010, the Escrow Case was assigned to the Honorable Allan L. Tereshko of the Trial Division. On September 24, 2010, Attorney Waltz filed her own preliminary objections, alleging that the Trial Division lacked subject matter jurisdiction under 20 Pa.C.S. § 711, and that the Carusos had failed to state a claim upon which relief could be granted for breach of contract or breach of fiduciary duty. *See* Attorney Waltz's Preliminary Objections to Escrow Case Complaint, 9/24/2010, at 2. On October 1, 2010, Judge Tereshko sustained TD Bank's preliminary objections and dismissed the Carusos' claims against TD Bank with prejudice. On October 28, 2010, Judge Tereshko sustained Attorney Waltz's preliminary objections, dismissed the Carusos' claims against Attorney Waltz without prejudice, and ordered the transfer of the remainder of the case to the Orphans' Court Division of the Court of Common Pleas of Philadelphia County.

On March 3, 2011, following transfer, the Escrow Case was assigned to Judge Carrafiello. *See* Decree, 3/3/2011, at 1. On March 23, 2011, Judge Carrafiello filed a decree that "stayed further action before [the] Orphans' Court" during the pendency of the underlying Will Contest appeal. *See* Decree, 3/23/2011, at 1. **On August 16, 2011, we affirmed the Orphans' Court Division's decision in the Will Contest. Specifically, we ruled that Eileen**

- 4 -

> **Caruso lacked standing to contest the 2006 Will.** *In re Estate of Ciuccarelli*, [83 EDA 2011, *appeal denied*, 229 EAL 2012 (Pa. 2012)]
>
> On September 26, 2012, Attorney Milner filed a petition to dismiss Appellant's remaining claims in the Escrow Case, asserting two bases: (1) that the Carusos lacked standing where there had been a final determination that Eileen Caruso had no beneficial interest in any part of the Ciuccarelli estate; and (2) that the Carusos had suffered no recoverable damages. On that same day, Judge Carrafiello terminated the stay of the proceedings and ordered all remaining parties to show cause as to why the Escrow Case should not be dismissed for lack of standing. On October 19, 2012, Judge Carrafiello dismissed Appellant's case with prejudice and ordered that "[Attorney] Milner shall distribute the proceeds from the sale of Gaetano Ciuccarelli's home as required by provisions of Title 20, Pa[.] Statutes Consolidated." **See** Decree, 10/19/2012 at 1. . . .

*In re Estate of Ciuccarelli*, 81 A.3d 953, 955-57 (Pa. Super. 2013) (footnotes omitted) (emphases added). This Court "conclude[d] that the Trial Division erred when it dismissed Appellant's claims against Attorney Waltz and TD Bank. This controversy fell under the mandatory and exclusive jurisdiction of the Orphans' Court Division, and the Trial Division was obligated to transfer the case to the proper forum." *Id.* at 961. We thus remanded the case, vacated the order and relinquished jurisdiction. *Id.* at 962.

Upon remand, the Orphans' Court sustained the preliminary objections of Appellees' TD Bank and Attorney Waltz and dismissed Appellants' complaint with prejudice. Order, 4/2/14. This timely appeal followed.

Appellant was not ordered to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

At this juncture we note, in the 2010 complaint in the underlying escrow case, Appellant and Eileen Caruso raised claims against TD Bank for breach of warranty. Appellants' Complaint, 7/8/10, at 3. They stated claims against C. George Milner, Esq. for fraud, material representation, forgery and breach of contract. *Id.* at 5, 7. Appellant and Eileen Caruso stated a cause of action against Christine Embry Waltz, Esq. for breach of contract and fiduciary duty. *Id.* at 8. The complaint stated that "[a]t all times material to this cause of action, [Appellant, Eileen Caruso and Appellees] were parties to a written agreement [Stipulation and Consent to Sale of Real Estate] executed on July 30, 2007". *Id.* at 1.

The parties signed the following Stipulation and Consent to Sale of Real Estate, which provided:

> 1. Christine Embery Waltz, Esquire, executed an agreement of sale to sell premises 2425 Brownsville Road, Feasterville PA for $276, 750.
>
> 2. Eileen Caruso filed a petition of appeal from the decree of the Register of Wills granting letters of administration CTA to Christine Embery Waltz, Esquire.
>
> 3. Eileen Caruso and her spouse, [Appellant], consent to the sale of 2425 Brownsville Road, Feasterville, PA for a gross sale price of $276, 750.[2]

---

2 We note that that the original stipulation in the record contains handwritten corrections as to the amount of the sale of the property. The

- 6 -

4. **The net proceeds of the sale shall be escrowed pending determination of the petition of appeal filed by Eileen Caruso**.

*Id.* at Ex. "A" (emphasis added).

Appellant raises the following issues for our review:

1.Whether the [c]ourt erred and abused its discretion in dismissing Appellant's escrow forgery claims because of its prior ruling in the estate case in which the escrow occurred to set aside [Decedent's] will for undue influence for reasons unrelated to the breach of contract, forgery and fraud by the personal representative and attorney for the estate causing damage to [A]ppellant?

2. Whether or not the [c]ourt erred and abused its discretion in sustaining Appellee['s], TD Bank's Preliminary Objections to Appellants' complaint in the form of a speaking demurrer because Appellant lacked standing to sue in the estate case in which the escrow occurred involving different issues, different parties and different claims for damage?

Appellant's Brief at 3.

First, Appellant contends the court erred in dismissing the escrow forgery claims against C. George Milner, Esq. and Christine Embry Waltz, Esq, Administratrix CTA of the Estate of Gaetano Ciuccarelli based upon Eileen Caruso's lack of standing in the estate case. Appellant avers the two cases were distinct, and thus "one case cannot legally preclude the other under any legal theory contrary to the holding of the lower court in the case at bar." *Id.* at 23-24. Second, Appellant argues the court erred in

_____

typewritten amount was $276,759. A copy of the stipulation was attached to the complaint.

sustaining Appellee's, T.D. Bank's, preliminary objections to its complaint based upon Elieen Caruso's lack of standing in the estate case.

As a threshold matter, we address the issue of whether Appellant has standing in the instant case.

Our standard of review is well-established:

> When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. However, 'we are not constrained to give the same deference to any resulting legal conclusions.' 'Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.'

*In re Estate of Pendergrass*, 26 A.3d 1151, 1153 (Pa. Super. 2011) (citations omitted).

In *In re Estate of Cuiccarelli*, 83 EDA 2011, **this Court "agree[d] with the Orphans' Court that [Appellant] lack[ed] standing to contest the 2006 Will."** *Id.* at 8-9 (emphasis added).

Pennsylvania Rules of Civil Procedure 1028 governs preliminary objections:

> (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
>
>         *    *    *
>
> (4) legal insufficiency of a pleading (demurrer)[.]

Pa.R.C.P. 1028(a)(4). "[A] complaint filed by a party who lacks standing is subject to demurrer." *Morrison Informatics, Inc. v. Members 1st Credit Union*, 97 A.3d 1233, 1242 (Pa. Super. 2014). "A challenge to the standing of a party to maintain the action raises a question of law." *Fumo v. City of Philadelphia*, 972 A.2d 487, 496 (Pa. 2009).

In the case *sub judice*, the Orphans' Court opined:

> The present action involves claims by Appellant that funds from the sale of [Decedent's] home were transferred under an unauthorized, forged signature. **It is undisputed that the funds in question are from the sale of the Decedent's home**. **As such, they are an asset of the Estate of Gaetano Ciuccarelli and must be distributed—upon administration of the estate—to the beneficiaries named in the Decedent's will.**
>
> The final and uncontestable holding of our Supreme Court[3] is that **Eileen Caruso and Appellant as Administrator of her Estate is not a beneficiary of the Estate of Gaetano Ciuccarelli.** Even if we assume the endorsement was forged, Appellant has no interest nor suffers any discernible effect from Appellees'[4] purported actions. Further, allegations that Appellees violated the escrow agreement giving rise to this cause of action are incorrect and not sustainable by the uncontroverted facts. Specifically, the escrow agreement provided "the net proceeds of the sale shall be escrowed pending determination of the petition of appeal filed by Eileen Caruso." At the time of the endorsement, the determination of the Will Contest had been made, and

---

[3] The Pennsylvania Supreme Court denied allowance of appeal in the underlying estate case; as stated above, the Superior Court had determined that Eileen Caruso did not have standing to contest the will. *See Estate of Ciuccarelli,* 229 EAL 2012 (Pa. 2012).

[4] The Orphans' Court sustained the preliminary objections of TD Bank and Christine Embry Waltz, Esq.

> later became final, with Eileen Caruso and Appellant, as administrator of her Estate, never having been successful on the merits of any stage of the proceedings.
>
> \* \* \*
>
> A party lacking standing may be dismissed preliminarily, before trial, on motion. . . .

Orphans' Ct. Op., 5/21/14, at 9-10, 13.

The Orphans' Court found Appellant lacked standing and dismissed the case. *Id.* at 13. We agree no relief is due. We discern no error by the Orphans' Court. *See In re Estate of Pendergrass*, 26 A.3d at 1153. Accordingly, we affirm the order sustaining the preliminary objections and dismissing the complaint.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2014