J-A21034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| STEPHEN KLEMASH, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JENNIFER KLEMASH, | |
| Appellee | No. 3298 EDA 2014 |

Appeal from the Order entered October 23, 2014,
in the Court of Common Pleas of Philadelphia County,
Civil Division, at No(s): February Term, 2013 No. 02264

BEFORE:  ALLEN, MUNDY, and FITZGERALD*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED JULY 06, 2015**

Stephen Klemash ("Appellant") appeals from the trial court's order denying his motion for reconsideration of his post-trial motion for relief pursuant to Pa.R.C.P. 227.1.  Finding that Appellant's post-trial motion was untimely, we quash Appellant's appeal and affirm the trial court's order and resulting judgment in favor of Jennifer Klemash ("Ms. Klemash").

The trial court summarized the following background:

> This case involves a dispute over the proceeds from the sale of real estate.  Appellant and his former sister-in-law [Ms. Klemash] both claimed that they were entitled to the proceeds. The parties deposited the proceeds in an escrow account and the Appellant filed a Complaint requesting that the trial court order that the escrow agent release the funds to the Appellant.  The trial court presided over a two day bench trial and on July 17, 2014, the trial court awarded the proceeds in the escrow account to [Ms. Klemash].

*Former Justice specially assigned to the Superior Court.

Trial Court Opinion, 3/20/15, at 1.

Procedurally, the trial court explained:

On February 22, 2013, Appellant filed a Complaint against [Ms. Klemash], alleging that the Appellant was entitled to proceeds from the sale of real estate. An escrow agent was holding the funds during the litigation.

On March 7 and 10, 2014, the trial court heard evidence on the matter. After the parties briefed the issues, the trial court, on July 17, 2014, issued Findings of Facts and Conclusions of Law and entered judgment against the Appellant and in favor of [Ms. Klemash]. ("Order of July 17").

The Appellant failed to file a Motion for Post-Trial Relief within ten days of July 17, 2014, the date on which the trial court issued the Order of July 17. Instead, the Appellant, on August 15, 2014, filed a Notice of Appeal of the Order of July 17. On September 30, 2014, the Appellant withdrew his Notice of Appeal of the Order of July 17.

In an effort to preserve his appellate rights on the substantive issues, the Appellant filed the following motions and the trial court issued the following Orders.

• On September 15, 2014, the Appellant filed Post-Trial Motions to the Order of July 17.

• On September 16, 2014, the trial court denied the Motion for Post-Trial Relief because the Appellant had already filed a Notice of Appeal and the Appellant failed to file a Motion for Post-Trial Relief within ten days of the Order of July 17, 2014. ("Order of September 16").

• On September 26, 2014, the Appellant filed a Motion for Reconsideration of the Order of September 16 or in the Alternative Motion for Post Trial Relief Nunc Pro Tunc.

• The trial court denied this motion on October 23, 2014. ("Order of October 23") for the reasons discussed below.

• On November 19, 2014, Appellant filed a Notice of Appeal of the Order of October 23.

> Th[e October 23, 2014 Order) is the Order that is the subject of this appeal.

Trial Court Opinion, 3/20/15, at 2-3. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents numerous issues for our review:

**(a) Procedural Issues**

1. Whether there was clear error in applying the facts or law to the case at hand in that the Trial Court should consider the date of the decision or "Final Order" to be September 9, 2014 (the date the Motion to Stay Distribution was entered).

2. Whether the Trial Court abused its discretion when it denied [Appellant's] Motion for Reconsideration.

3. Whether the Trial Court abused its discretion when it denied [Appellant's] Motion Nunc Pro Tunc.

4. Whether [Appellant's] late filing was as a result of "non-negligent happenstance".

**(b) Substantive Issues**

5. Whether the Court's determination that [Appellant] failed to meet the third element of unjust enrichment was supported by the evidence and the applicable law.

6. Whether the Court's determination that [Ms. Klemash] obtained the rights to the proceeds from the sale of the Property as a result of a legitimate court proceeding was supported by the evidence and the applicable law.

7. Whether the Court's determination that [Appellant] is collaterally estopped from asserting his interest in the property by a judicial proceeding in which [Appellant] did not participate was supported by the evidence and the applicable law.

8. Whether the Court's determination that it was not unconscionable for [Ms. Klemash] to receive the benefits of [Appellant's] efforts was supported by the evidence and the applicable law.

- 3 -

9. Whether the Court's determination that [Appellant] inadequately protected his right to compensation was supported by the evidence and applicable law including Styer v. Hugo, 422 Pa. Super. 262, 619 A.2d 347 (1993).

10. Whether the Court's determination that [Appellant's] attendance at his brother's divorce trial constitutes sufficient involvement in the proceeding for the divorce decree between [Ms. Klemash] and Christian Klemash to be *res judicata* as to him was supported by the evidence and the applicable law.

Appellant's Brief at 2-4.

Based on our careful scrutiny of the record, and our resolution of Appellant's four procedural appellate issues, we conclude that quashal is warranted.

It is undisputed that the two-day bench trial in this matter was conducted on Friday, March 7, 2014 and Monday, March 10, 2014. Following the parties' submissions of proposed findings of fact and conclusions of law, the trial court issued a written decision finding in favor of Ms. Klemash and against Appellant. Order, 7/17/14, at 1. Notice pursuant to Pa.R.C.P. 236 was given regarding the July 17, 2014 order on the same date.

Rule 227.1 specifically provides that:

**Rule 227.1  Post-Trial Relief**

(c) **Post-trial motions shall be filed** within ten days after

(1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or

(2)  notice of nonsuit **or the filing of the decision in the case of a trial without a jury**.

Pa.R.C.P. 227.1(c)(1)-(2) (emphasis supplied). Thus, pursuant to Rule 227.1(c), Appellant was required to file his post-trial motions for relief on or before Monday, July 28, 2014.

The trial court explained:

The Appellant argues that he filed his Motion for Post-Trial Relief in a timely manner because the ten day period did not begin to run until September 9, 2014, the date on which the trial court issued an order prohibiting the escrow agent from releasing the funds to [Ms. Klemash] during the pendency of the appeal to Superior Court. Pennsylvania Rule of Civil Procedure 227.1 is clear that when a court issues a judgment after a bench trial, a party must file a Motion for Post Trial Relief within ten days after the filing of the decision. Pa.R.C.P. No. 227.1 (c). Nowhere in the language of Rule 227.1 is there a reference to a "final order." In this case, the trial court filed its decision on July 17, 2014 when it issued Findings of Facts and Conclusions of Law and ordered that [Ms. Klemash] had the right to the proceeds from the sale of real estate. In contrast, the Order of September 9, 2014, which dealt with the release of the funds during the pendency of the appeal was merely ancillary to the Order of July 17, 2014. Thus, the Order of July 17 was the order for which Rule 227.1 required the Appellant to file a Motion for Post-Trial Relief.

Trial Court Opinion, 3/20/15, at 5-6. We agree with the trial court.

Appellant asserts that the September 9, 2014 is the appropriate order from which to calculate the time frame relative to his appellate rights. However, as the trial court observed, "[t]he trial court also entered a series of orders that prohibited the escrow agent from releasing the funds to [Ms. Klemash] during the pendency of the appeal. Those orders, however, are not the subject of this appeal. Moreover, those orders benefitted the Appellant because the orders prohibited the escrow agent from releasing the

funds to [Ms. Klemash] pending the Appellant's appeal and thus, Appellant was not aggrieved by those orders and would not have an independent basis to appeal those orders." Trial Court Opinion, 3/20/15, at 3 n.1. Indeed, "[a] prevailing party is not 'aggrieved' and therefore, does not have standing to appeal an order that has been entered in his or her favor." *In re Estate of Pendergrass,* 26 A.3d 1151, 1154 (Pa. Super. 2011); *see* Pa.R.A.P. 501.

Appellant challenges the trial court's denial of his motion for reconsideration of the trial court's denial of his untimely post-trial motions. In denying reconsideration, the trial court explained:

> The Motion for Reconsideration at issue in this appeal requests the court to reconsider its denial of the Motion for Post-Trial Relief. The trial court denied the Motion for Post-trial Relief because the Appellant filed it after he filed his Notice of Appeal. Additionally, the Appellant filed his Motion for Post-Trial Relief two months after the trial court entered the Order of July 17. Finally, the trial court denied the Motion for Reconsideration because there was no substantive merit to the issues raised in the Motion for Post-Trial Relief.
>
> More importantly, the Motion for Reconsideration does not provide the trial court with any additional facts or new precedent on which to reconsider its original order. Rather, the basic facts and law remain. The Appellant failed to file a Motion for Post-Trial Relief within ten days of the judgment and thus, waived all issues on appeal. *See* Chalkey v. Roush, 569 Pa. 462. 805 A.2d 491 (2002); Pa.R.A.P. 302(a).

Trial Court Opinion, 3/20/15, at 5. Again, we agree with the trial court.

In *Vietri ex rel Vietri v. Delaware Valley High School,* 63 A.3d 1281 (Pa. Super. 2013), we explained:

Our Supreme Court has characterized the purpose of *nunc pro tunc* restoration of appellate rights as follows:

> Allowing an appeal *nunc pro tunc* is a recognized exception to the general rule prohibiting the extension of an appeal deadline. This Court has emphasized that the principle emerges that an appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances. Generally, in civil cases an appeal *nunc pro tunc* is granted only where there was fraud or a breakdown in the court's operations through a default of its officers.

*Union Elec. Corp. v. Bd. Of Prop. Assessment, Appeals & Review of Allegheny Cty.,* 560 Pa. 481, 746 A.2d 581, 584 (2000) (citations and internal quotation marks omitted).

Our standard of review over an order denying *nunc pro tunc* restoration of a petitioner's appellate rights is deferent:

> The denial of an appeal nunc pro tunc is within the discretion of the trial court, and we will only reverse for an abuse of that discretion. *Freeman v. Bonner,* 761 A.2d 1193, 1194 (Pa.Super.2000). In addition to the occurrence of "fraud or breakdown in the court's operations," nunc pro tunc relief may also be granted where the appellant demonstrates that "(1) [his] notice of appeal was filed late as a result of nonnegligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) [he] filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay." *Criss v. Wise,* 566 Pa. 437, 781 A.2d 1156, 1159 (2001).

*Rothstein v. Polysciences, Inc.,* 853 A.2d 1072, 1075 (Pa.Super.2004) (citations modified). "An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, or ill will." *U.S. Bank N.A. v. Mallory,* 982 A.2d 986, 994 (Pa. Super. 2009).

While in *Vietri* we allowed an untimely appeal where a misleading Superior Court order caused appellant the loss of his appellate rights, we nevertheless acknowledged that appellate rights would be waived in situations akin*, inter alia*, to *Chalkey v. Roush, supra*. *Vietri,* 63 A.3d at 1286-1287.

In *Chalkey*, our Supreme Court stated:

Under Rule 227.1, a party must file post-trial motions at the conclusion of a trial in *any* type of action in order to preserve claims that the party wishes to raise on appeal. []

\*\*\*

FN12: [] Furthermore, if a party is unsure whether the trial court has entered an adjudication from which post-trial motions must be filed, the party may always petition the trial court to determine whether the trial court intended its order to be an adjudication from which post-trial motions would follow.

*Chalkey,* 805 A.2d at 496.

Instantly, Appellant did not file timely post-trial motions following the July 17, 2014 order. Nor did Appellant file a petition to clarify whether the July 17, 2014 required such motion. Also, this is not a scenario where the post-trial motions were untimely filed due to fraud, a breakdown in court operations, as a result of extraordinary circumstances, or because the trial court proceeding itself did not require such a filing.

Appellant further challenges the trial court's denial of his motion for *nunc pro tunc* relief, regarding which the trial court reasoned:

In this case, the Appellant's explanation for the late filing of the Motion for Post-Trial Relief was that Appellant's "counsel

reasonably determined that the Order granting or denying the Motion for the Stay was the final Order or 'decision' in this matter that would trigger the need for post-trial motions pursuant to Rule 227.1." *(See* Brief in Support of Motion for Reconsideration or in the Alternative Motion for Post Trial Relief Nunc Pro Tunc. p. 5).

In this case, the basis for the request for Nunc Pro Tunc relief is the misinterpretation of Rule 227.1. This does not qualify as a "non-negligent circumstance" and the trial court properly denied the Motion for Nunc Pro Tunc Relief.

In addition, Appellant did not file the Post-Trial Motion "shortly after the expiration date," rather, Appellant filed the motion almost two months after the expiration date. Appellant also failed to demonstrate that [Ms. Klemash] would not be prejudiced by nunc pro tunc restoration of appellate rights. *See* Rothstein v. Polysciences, Inc., 853 A.2d 1072 (2004 ).

Therefore, the trial court properly denied nunc pro tunc relief where there was no demonstrated breakdown in court operations. The Appellant misinterpreted a rule of civil procedure. The Appellant filed a Post-Trial Motion almost two months after the deadline, and the Appellant failed to demonstrate that [Ms. Klemash] would not be prejudiced by a nunc pro tunc restoration of appellate rights. Since there is no legal basis to grant the Appellant's request for nunc pro tunc relief, the trial court properly denied the Motion for Reconsideration.

Trial Court Opinion, 3/20/15, at 7. Based on applicable jurisprudence discussed above, we find that the trial court's analysis is supported by the record.

We recently emphasized:

[T]he filing of post-trial motions ... ensure[s] that the trial judge has a chance to correct alleged trial errors. This opportunity to correct alleged errors ... advances the orderly and efficient use of our judicial resources. First, appellate courts will not be required to expend time and energy reviewing points on which no trial ruling has been made. Second, the trial court may promptly correct the asserted error. With the issue properly

- 9 -

presented, the trial court is more likely to reach a satisfactory result, thus obviating the need for appellate review on this issue. Or if a new trial is necessary, it may be granted by the trial court without subjecting both the litigants and the courts to the expense and delay inherent in appellate review. Third, appellate courts will be free to more expeditiously dispose of the issues properly preserved for appeal....

**D.L. Forrey & Associates, Inc. v. Fuel City Truck Stop, Inc.,** 71 A.3d 913, 919 (Pa. Super. 2013) (internal citations omitted).

Accordingly, finding that Appellant failed to file timely post-trial motions for relief as required by Pa.R.C.P. 227.1, and discerning no abuse of discretion or trial court error of law in denying Appellant *nunc pro tunc* relief relative to his untimely post-trial motion, we quash Appellant's appeal and affirm the trial court's order and resulting judgment in favor of Ms. Klemash.

Appeal quashed. Judgment affirmed. Case stricken from argument list. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2015

- 10 -