J-A22044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ANNETTE MAIONE, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF MARK WILLET, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| GREENWAY CENTER, INC., AS SUCCESSOR IN INTEREST TO WINCO ACQUISITION, INC., | |
| Appellee | No. 3381 EDA 2016 |

Appeal from the Judgment Entered September 22, 2016
in the Court of Common Pleas of Monroe County
Civil Division at No.: 4776 Civil 1999

BEFORE:  BOWES, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED OCTOBER 31, 2017**

Appellant, Annette Maione, appeals from the final judgment entered on September 22, 2016, following a non-jury trial.  Specifically, she argues that the trial court erred in three interlocutory orders dated October 9, 2002, March 3, 2011, and April 2, 2015, when it did not permit her to amend the name of the defendant in her complaint.  Because Appellant failed to file post-trial motions following the entry of the court's decision in this non-jury trial, we conclude that she waived her issue and quash her appeal.

---

[*] Retired Senior Judge assigned to the Superior Court.

This case has a decades-long, tortured procedural history. Thus we only set forth the relevant history, which we have taken from our review of the certified record and the trial court's October 9, 2002, March 3, 2011, April 2, 2015, and July 18, 2016 opinions.

> The case arose when [Appellant's] decedent, Mark Willet, died on June 24, 1997[,] while a patient at Greenway Center, a drug and alcohol treatment facility in Henryville, Pennsylvania. [Appellant] filed a praecipe to issue [a] writ of summons against Greenway Center, Inc. [] on June 23, 1999, the day before the statute of limitations expired.[1]

(Trial Court Opinion, 4/02/15, at 1).

After discovering that Winco Acquisition, Inc. d/b/a Greenway Center was the entity operating Greenway Center at the time of Willet's death, "[Appellant] filed a [m]otion to correct the name of the [d]efendant in this proceeding to either Winco Acquisition, Inc. d/b/a Greenway Center or Greenway Center Inc. as successor in interest to Winco Acquisition, Inc." (Trial Ct. Op., 10/09/02, at 3-4 (internal quotation marks omitted); **see** Motion to Correct, 6/03/02, at unnumbered page 3; Trial Ct. Op. 4/02/15, at 1). The trial court held an evidentiary hearing on September 17, 2002, after which it granted Appellant's motion and amended the caption to name as

---

[1] "A separate action was commenced [] against Winco Acquisition, Inc. d/b/a Greenway Center on July 24, 2000. Since that proceeding was initiated following the expiration of the [s]tatute of [l]imitations, [the trial c]ourt granted summary judgment to Winco Acquisition, Inc. d/b/a Greenway Center on December 31, 2001." (Trial Court Opinion, 10/09/02, at 3).

defendant "Greenway Center, Inc. as successor in interest to Winco Acquisition, Inc." (Order, 10/09/02) (unnecessary capitalization omitted).

On October 12, 2010, Appellant filed a motion to correct name of defendant pursuant to Pa.R.C.P. 1033, claiming that "the correct party was identified, but merely given the wrong designation in the complaint." (Motion to Correct, 10/12/10, at unnumbered page 4).[2] The court denied Appellant's motion, explaining that, "under the law of the case doctrine and the 'coordinate jurisdiction' rule, [it] declined to revise the prior ruling of another judge of [that] court." (Trial Ct. Op., 3/03/11, at 4).

On October 31, 2014, Appellant filed a petition for leave to amend the caption or, in the alternative, permission to file an interlocutory appeal *nunc pro tunc*. (**See** Trial Ct. Op., 4/02/15, at 3). On April 2, 2015, the trial court denied Appellant's petition, reasoning that

> . . . two judges in this court have already addressed the issue of replacing Greenway Center, Inc. as the defendant with a different defendant, Winco Acquisitions, Inc. d/b/a Greenway Center. [Appellant's] motion before Judge O'Brien requested **either** that the defendant's name be changed to "Greenway Center Inc. as successor in interest to Winco Acquisition, Inc." or "Winco Acquisition, Inc. d/b/a Greenway Center." Judge O'Brien changed it to the former, implicitly declining to allow [Appellant] to bring Winco Acquisiton, Inc. d/b/a Greenwood Center into the

---

[2] Specifically, Appellant claimed that since the federal district court and appeals court found that Greenway Center, Inc. was not successor in interest to Winco Acquisitions, Inc., the caption reflected an inaccurate description of the defendant's identity. (**See** Motion to Correct, 10/12/10, at unnumbered page 4).

case as a new defendant after the statute of limitations had expired.

(*Id.* at 4).

"This case was scheduled for a non-jury trial on June 2, 2016. [Appellant] and her counsel appeared for trial but no representative of Greenway appeared. . . . The court entered a default judgment as to liability against Greenway . . . [and] proceeded on the question of damages." (Trial Ct. Op., 7/18/16, at 2-3). On July 18, 2016, the court filed its decision, awarding damages in the amount of $3,610,609. (*See id.* at 6). Appellant filed no motions, either post-trial or for reconsideration, following the court's decision.

On September 22, 2016, the court entered final judgment, including delay damages, in favor of Appellant and against Greenway Center, Inc., as successor in interest to Winco Acquisition, Inc. Appellant timely appealed.[3]

On December 19, 2016, this Court issued a *per curiam* order requiring Appellant to show cause why her appeal should not be dismissed because of

---

[3] Appellant filed her first notice of appeal on August 10, 2016, prior to the entry of final judgment. Pursuant to the trial court's order, Appellant filed her concise statement of errors complained of on appeal on September 6, 2016. *See* Pa.R.A.P. 1925(b). The court entered its opinion on September 9, 2016, noting that final judgment had not been entered. *See* Pa.R.A.P. 1925(a). Appellant filed a praecipe for entry of judgment on September 22, 2016, which the court entered on that date. Appellant then filed a second notice of appeal on October 24, 2016. Pursuant to the court's order, Appellant filed a second concise statement of errors complained of on appeal on November 28, 2016. The court entered a statement on December 5, 2016, in which it noted that Appellant's issues were substantially the same and therefore it relied on its September 9, 2016 opinion.

her failure to file post-trial motions pursuant to Pennsylvania Rule of Civil Procedure 227.1. Appellant responded on December 29, 2016.

Rule 227.1 provides in pertinent part:

(a) After trial and upon the written Motion for Post-Trial Relief filed by any party, the court may

(1) order a new trial as to all or any of the issues; or

(2) direct the entry of judgment in favor of any party; or

(3) remove a nonsuit; or

(4) affirm, modify or change the decision; or

(5) enter any other appropriate order.

\* \* \*

(c) Post-trial motions shall be filed within ten days after

(1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or

(2) notice of nonsuit or the filing of the decision in the case of a trial without jury.

\* \* \*

Pa.R.C.P. 227.1(a), (c). Thus, pursuant to the rule, to obtain post-trial relief, a party must file post-trial motions within ten days after the filing of the decision following a non-jury trial. *See id.* at (c). Accordingly, if, as she now seeks, Appellant wanted to amend the name of the defendant against whom the trial court entered judgment, she was required to file post-trial motions to the July 18, 2016 opinion and order, which was the "the decision in the case of a trial without a jury." *Id.* at (c)(2).

"Pa.R.Civ.P. 227.1 requires parties to file post-trial motions in order to preserve issues for appeal. If an issue has not been raised in a post-trial motion, it is waived for appeal purposes." *Lane Enterprises, Inc. v. L.B. Foster Co.*, 710 A.2d 54, 54 (Pa. 1998) (per curiam) (citations omitted).

> The importance of filing post-trial motions cannot be overemphasized. [T]his is not blind insistance [sic] on a mere technicality since post-trial motions serve an important function in adjudicatory process in that they afford the trial court in the first instance the opportunity to correct asserted trial error and also clearly and narrowly frame issues for appellate review. . . .

*Diamond Reo Truck Co. v. Mid-Pac. Indus., Inc.*, 806 A.2d 423, 428 (Pa. Super. 2002) (quashing appeal where appellant failed to file post-trial motions because no issues were preserved for appellate review) (citation and quotation marks omitted).

Here, Appellant argues that the name of the defendant in this matter should be amended. However, she did not file a post-trial motion requesting to amend the caption. In response to our rule to show cause order, Appellant argued that she was not required to file a post-trial motion after the non-jury trial because she had no disagreement with the default judgment or trial court's assessment of damages. (*See* Response to Rule to Show Cause, 12/29/16, at unnumbered pages 1-2). She claimed that because "[o]btaining a default judgment was merely a vehicle to obtain appellate review of the interlocutory orders[,] . . . post-trial motions would have been meaningless and unnecessary." (*Id.* at unnumbered page 2; *see also id.* at unnumbered page 7 ("[I]t would have been fruitless to as[k] for the relief [Appellant] is

- 6 -

now seeking on appeal: correction of the caption—when various trial judges previously denied that very request.") (record citation omitted)).

We are not persuaded by Appellant's argument that her assumption it would be fruitless to file a post-trial motion should excuse her from that requirement. Appellant fails to cite any case law in support of her contention that the waiver provision of Rule 227.1 does not apply to her. Accordingly, finding that Appellant failed to file post-trial motions as required by Rule 227.1, we conclude that Appellant has waived all issues raised and quash her appeal. **See Lane Enterprises Inc.**, **supra** at 54; **Diamond Reo Truck Co.**, **supra** at 428.

Moreover, Appellant's issue would not merit relief. Appellant raises one question for our review:

> In a [w]rit of [s]ummons, [Appellant] named as the [d]efendant "Greenway Center, Inc." The sheriff served the [w]rit upon a person who was on the payroll of Winco Acquisitions, Inc. at the address where "Greenway Center" was licensed by the state to provide drug and alcohol detoxification services. Should the [trial] court have permitted [Appellant] to amend her action to name Winco Acquisitions, Inc., d/b/a Greenway Center under the "right party, wrong designation" theory?

(Appellant's Brief, at 10).[4]

In her issue, Appellant challenges three of the trial court's prior rulings. She argues that the trial court's October 9, 2002 ruling, following her first motion to correct, was error, and then argues that the trial court erred when it denied her later motions to correct in both its March 3, 2011 and April 2,

---

[4] Winco Acquisition, Inc. filed a participant brief in this matter.

2015 orders. (**See** Appellant's Brief, at 38). Appellant would not be entitled to relief.

Initially, we note that Appellant lacks standing to challenge the court's October 9, 2002 order, where it granted her request. "Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order . . . may appeal therefrom." Pa.R.A.P. 501. "[O]nly a party who has been aggrieved by an appealable order may appeal to this Court." **In re Estate of Pendergrass**, 26 A.3d 1151, 1154 (Pa. Super. 2011) (citations and footnote omitted); **see also In re J.G.**, 984 A.2d 541, 546 (Pa. Super. 2009), *appeal denied*, 991 A.2d 313 (Pa. 2010) ("Although a prevailing party may disagree with the trial court's legal reasoning or findings of fact, the prevailing party's interest is not adversely affected by the trial court's ultimate order because the prevailing party was meritorious in the proceedings below.") (citations omitted).

Here, in her June 3, 2002 motion to amend, Appellant requested that the trial court amend the caption and change the defendant's name to either "Greenway Center, Inc. as successor in interest to Winco Acquisitions, Inc." or "Winco Acquisitions, Inc., d/b/a Greenway Center." (Motion to Correct, 6/03/02, at unnumbered page 3). Because the October 9, 2002 order granted Appellant the relief she requested, we conclude that she does not have

standing to appeal it.[5]  ***See Pendergrass***, ***supra*** at 1154; ***In re J.G.***, ***supra*** at 546.

With respect to the March 3, 2011 and April 2, 3015 orders, Appellant argues that the trial court "mistakenly held that the coordinate jurisdiction rule and principles of 'law of the case' precluded them from granting [Appellant] any additional relief under the 'right party, wrong designation' theory . . . because [the October 9, 2002 order] held that the theory applied and entitled [Appellant] to relief."  (Appellant's Brief, at 38; ***see id.*** at 49-51).  She contends that the October 9, 2002 ruling did not specifically deny her request to amend the caption to read "Greenway Center, Inc., d/b/a Winco Acquisition, Inc."  Therefore, she claims later rulings that granted that request would not be overruling the prior decision.  (***See id.*** at 50-51).  We disagree.

Appellant's issue concerning the trial court's application of the law of the case doctrine and coordinate jurisdiction rule, presents a question of law for which our standard of review is *de novo* and our scope of review is plenary.

---

[5] Winco Acquisition, Inc. has also argued that because Appellant requested the name change, she is judicially estopped from later claiming that the court should not have changed the defendant's name.  (***See*** Winco Brief, at 29 - 37).  "Judicial estoppel is a doctrine that prohibits a party from taking a position in a subsequent judicial proceeding that is inconsistent with the party's position in a prior judicial proceeding."  ***Marra v. Marra***, 831 A.2d 1183, 1187 (Pa. Super. 2003), *appeal denied*, 856 A.2d 835 (Pa. 2004) (citation omitted).  Because we conclude that Appellant does not have standing, we decline to address whether she is judicially estopped from challenging the court's October 9, 2002 order granting her relief.

J-A22044-17

*See Commonwealth v. Viglione*, 842 A.2d 454, 464 (Pa. Super. 2004) (*en banc*).

> The law of the case doctrine is comprised of three rules:
>
> > (1) upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter; (2) upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court; and (3) upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court.
>
> Within this doctrine lies the directive that judges sitting on the same court in the same case should not overrule each other's decisions, otherwise known as the "coordinate jurisdiction rule."

*Mariner Chestnut Partners, L.P. v. Lenfest*, 152 A.3d 265, 282 (Pa. Super. 2016) (citations and most quotation marks omitted); *see Zane v. Friends Hosp.*, 836 A.2d 25, 29 (Pa. 2003) ("an exception [to the coordinate jurisdiction rule] is permitted where the prior holding was clearly erroneous and would create a manifest injustice if followed.") (citation and internal quotation marks omitted).

In the instant case, we conclude that the March 3, 2011 and April 2, 2015 orders do not violate the law of the case doctrine or the coordinate jurisdiction rule. The trial court's October 9, 2002 ruling granted Appellant's request and amended the caption to reflect the defendant's name as "Greenway Center, Inc., as successor in interest to Winco Acquisition, Inc." Nothing in the later decisions disturbed that ruling, and Appellant has not

shown that the October 9, 2002 order granting her request was clearly erroneous or would create a manifest injustice if followed. **See Zane**, **supra** at 29; **Mariner Chestnut Partners, L.P.**, **supra** at 282. Accordingly, Appellant's argument based on the law of the case doctrine would not merit relief.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2017